# EXHIBIT A-13

DISTRICT OF COLUMBIA COURT OF APPEALS

BOARD ON PROFESSIONAL RESPONSIBILITY

RECEIVED
Aug 11 2022 8:58am
Board on Professional Responsibility

| | |
|---|---|
| In the Matter of | |
| JEFFREY B. CLARK | Disciplinary Docket No. |
| A Member of the Bar of the District of Columbia Court of Appeals | 2021-D193 |
| Bar No. 455315 | |
| Date of Admission: July 7, 1997 | |

## MOTION TO RECUSE BOARD MEMBER MATTHEW KAISER

Comes now Jeffrey B. Clark, Respondent in the above-entitled matter, and, pursuant to Board of Professional Responsibility Rule 7.22, hereby moves to recuse a member of the Board of Professional Responsibility, Matthew Kaiser, from sitting in judgment of or ruling on any aspects of this case.[1] The grounds of the motion are that Mr. Kaiser is lead counsel for U.S. Rep. Eric Swalwell in his lawsuit known as *Eric Swalwell v. Donald J. Trump, Donald J. Trump, Jr., Rudolph Giuliani and Mo Brooks*, U.S. District Court for the District of Columbia, Case No. 1:21-cv-586-APM, and on appeal in the same case to the U.S. Court of Appeals for the District of Columbia Circuit, *Swalwell v. Trump, et al.*, Case No. 22-7030

---

[1] By making this motion Respondent does not concede that the Board or a Hearing Committee has jurisdiction of this matter. Respondent has previously raised multiple significant jurisdictional issues before the District of Columbia Court of Appeals and will do so in parallel in this form in the near future as well.

(hereinafter collectively referred to as the "Swalwell Lawsuit"). The Swalwell Lawsuit was filed on March 5, 2021. Mr. Kaiser entered as counsel for the Plaintiff on March 17, 2021. Three lawyers from Mr. Kaiser's firm are listed as counsel for the Plaintiff: Mr. Kaiser, Sarah Fink and William B. Pittard, IV. A copy of the Complaint and the Docket Report in the Swalwell Lawsuit are attached hereto as Exhibits "A" and "B."

Whether Mr. Kaiser has had any role in Respondent's case while he has been a member or Chairman of the Board of Professional Responsibility is unknown to the Respondent. Nevertheless, with all respect to Mr. Kaiser and other Members of the Board, Respondent's right to an impartial tribunal, as well as to the appearance of an impartial tribunal, warrant the prophylactic filing of this motion.

Laying to one side the merits of the Swalwell Lawsuit, on which Respondent makes no comment, it is plainly one of many fronts in the political-legal war ("lawfare") against former President Trump. Mr. Kaiser's client, Rep. Swalwell, was an impeachment manager in the first impeachment trial of President Trump. He is famous, in part, for his harsh partisan invective against President Trump. While Respondent is not directly mentioned in the Swalwell Lawsuit, it alleges that President Trump and the other defendants made false statements about the November 2020 election that are similar to the allegations in the Charges that Respondent here "attempted" to make false statements about the Department of

Justice's position regarding the November 2020 election. The issues raised by the Charges thus overlap, at least in part, with the factual allegations of the Swalwell Lawsuit and the many bitter general controversies still raging over the November 2020 election and its aftermath.

The Bar's investigation in this case was opened in response to a letter of complaint against Respondent from a single highly partisan Senate Democrat, Richard Durbin, an act of partisan lawfare against President Trump and Respondent as a senior Trump Justice Department official. Senator Durbin had no personal knowledge to support his charges. Nor should he have been permitted to try to interject himself, as a matter of the separation of powers, into any aspect of confidential communications between and among Senate-confirmed and other senior political appointees and the President of the United States. No complaints against Respondent were filed by President Trump or by Mr. Clark's former superiors or colleagues at the Justice Department. As far as we know, Senator Durbin was the sole genesis of this proceeding and that alone should have caused Disciplinary Counsel, in a proper discharge of his duties, to decline to investigate the matter, just as he declined to proceed to investigate partisan charges filed by groups like Lawyers Defending American Democracy against former Attorney General William Barr.[2]

---

[2] *See* https://ldad.org/letters-briefs/oversight-of-the-odc, last visited Aug. 10, 2022.

3

The Charges in this case are accordingly also politically super-charged. When the Charges were filed and blasted out to reporters by the Office of Disciplinary Counsel, they became the subject of extensive news coverage. *See, e.g.* Google search results for "Jeffrey Clark Bar charges" https://tinyurl.com/2p85nzzn (Approx. 6.5 million results on August 4, 2022).

Because the Board or Hearing Committee perform judicial functions assigned by the D.C. Court of Appeals, the standard for recusal for judges should be applied to any member of the Board or Hearing Committee who might have any role in deciding any issue in this case. By analogy, the Code of Conduct for United States Judges, Canon 3(c) provides as follows:

> (1) A judge shall disqualify himself or herself in a proceeding in which the judge's impartiality might reasonably be questioned, including but not limited to instances in which:
>
> (a) the judge has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding;

Without in any way impugning the integrity of Mr. Kaiser, it is nevertheless fair to say that a reasonable person might reasonably question his impartiality towards Respondent since Mr. Kaiser is lead counsel for the Plaintiff in the Swalwell Lawsuit. The Complaint in the Swalwell Lawsuit alleges over and over that all statements made by the defendants in that case that the election was marred by significant irregularities were knowingly false.

In light of the positions taken by Mr. Kaiser in the Swalwell Lawsuit, and their overlap with the election issues framed by the Specification of Charges, a reasonable person could reasonably question whether Mr. Kaiser could impartially judge the issues in this case, while still remaining loyal to and a zealous advocate for his client Rep. Swalwell. *See* DC Rules of Professional Conduct 1.3 (duty of zealous advocacy). Respondent would respectfully submit that, unless recused, Mr. Kaiser would have an irreconcilable conflict of interest between his duties as counsel to Swalwell and his duties as a member of the Board to objectively assess, without prejudgment, any issue in this case. *See* DC Rules of Professional Conduct 1.7 and 1.8 (conflict of interest rules). Therefore, the standard for recusal is met, and Mr. Kaiser should be recused.

Issues of judicial recusal do not normally present any question of imputed conflicts or imputed recusal. In this case however, Mr. Kaiser is not a sole quasi-jurist. He was the Chairman of the entire Board of Professional Responsibility, leaving that position only a short time ago on July 31, 2022, many months after proceedings in this case had commenced. As noted above, we are unaware if the Board was called upon in any way to rule or give guidance to Disciplinary Counsel, formally or informally, over the period November 2021 until July 2022. Nevertheless, as the leader of the adjudicative body during the period these Charges were under investigation and were filed, whether the basis for Mr.

5

Kaiser's recusal should be imputed to the Board as a whole under ordinary principles of imputed conflicts should also be determined. The supervisory court, the D.C. Court of Appeals, could also be consulted in this regard.

Respondent is entitled to both impartiality and the appearance of impartiality. Therefore, Respondent requests that Matthew Kaiser be recused from serving as Board member or as a member of any Hearing Committee in this case.

Respectfully submitted this 10 day of August, 2022.

/s/ *Charles Burnham*
Charles Burnham
DC Bar No. 1003464
Burnham and Gorokhov, PLLC
1424 K Street, NW
Suite 500
Washington DC 20005
(202) 386-6920
charles@burnhamgorokhov.com

Robert A. Destro*
Ohio Bar #0024315
4532 Langston Blvd, #520
Arlington, VA 22207
202-319-5303
robert.destro@protonmail.com

*Motion for pro hac vice admission before DCCA in progress*

Harry W. MacDougald*
Georgia Bar No. 453076
Caldwell, Carlson, Elliott & DeLoach, LLP
Two Ravinia Drive, Suite 1600
Atlanta, Georgia 30346
(404) 843-1956
hmacdougald@ccedlaw.com

* *Motion for pro hac vice admission before DCCA in progress*

## CERTIFICATE OF SERVICE

I hereby certify that I have on this day served counsel for the opposing party with a copy of this ***Motion to Recuse Board Member Matthew Kaiser*** by with sufficient postage thereon to insure delivery, and by email addressed to:

Hamilton P. Fox
Jason R. Horrell
D.C. Bar
Building A, Room 117
515 5th Street NW
Washington DC 20001
foxp@dcodc.org
hellerj@dcodc.org

This this 10 day of August, 2022.

                                                  */s/ Charles Burnham*
Charles Burnham
DC Bar No. 1003464
1424 K Street, NW
Suite 500
Washington DC 20005
charles@burnhamgorokhov.com