# EXHIBIT A-25

**UNDER SEAL**

**DISTRICT OF COLUMBIA COURT OF APPEALS**
**BOARD ON PROFESSIONAL RESPONSIBILITY**

| | | |
|---|---|---|
| In the Matter of | : | |
| | : | |
| CONFIDENTIAL (J.B.C.), ESQ. | : | Disciplinary Docket No. 2021-D193 |
| | : | |
| Respondent, | : | DCCA No. 21-BS-0059 |
| | : | |
| A Member of the Bar of the District of Columbia Court of Appeals. Bar Number: 455315 Date of Admission: July 7, 1997 | : | |

**DISCIPLINARY COUNSEL'S OPPOSITION TO**
**RESPONDENT'S MOTION FOR EXTENSION OF**
**TIME TO FILE RESPONSE TO SPECIFICATION OF CHARGES**

Respondent Jeffrey B. Clark has moved for a 21-day extension of time to file his "answer or responsive pleadings" to the Specification of Charges. Board Rule 7.5 requires the filing of an answer within 20 days of service of the petition (in cases where the time is not extended.) It says nothing about other "responsive pleadings." Based on previous communications with Mr. Clark's counsel, it appears that he intends to file some sort of motion to defer either based on Board Rule 4.2 (he has previously requested Disciplinary Counsel to defer pursuant to Board Rule 4.1, which Disciplinary Counsel declined to do) or ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬.

███████████████████████████████████████████████ This is consistent with Mr. Clark's previous efforts to delay this matter, and the motion should be denied. Mr. Clark should be required to answer the charges by August 11. 2022. He can filed whatever motions he is contemplating later, pursuant to Board Rule 7.13 & 7.14(a).

From the outset of this investigation, Mr. Clark has sought to stall this proceeding. Disciplinary Counsel sent Mr. Clark's lawyer a letter on October 18, 2021, enclosing the Senate Judiciary Committee's Majority Staff Report accusing him of misconduct and asked for his response by November 8, 2021. Mr. Clark offered one excuse after another in an effort to avoid responding. First, his lawyer (not current counsel) did not receive the electronic communication. His lawyer then withdrew, and Disciplinary Counsel re-sent the letter directly to Mr. Clark on November 22, 2021 and asked for a response by December 13, 2021. Mr. Clark claimed to have difficulty receiving the electronic communication as well. He wanted additional time to retain new counsel. He was sick. Finally on January 10, 2022, Disciplinary Counsel sent Mr. Clark a demand that he respond to the inquiry no later than January 31, 2022. Mr. Clark waited until the very last day, and then on January 31 his current counsel responded with a 69-page letter, with attachments setting forth arguments why Mr. Clark should not be investigated, asking

Disciplinary Counsel to defer the investigation, but not responding specifically to the factual allegations.

Disciplinary Counsel also sought to subpoena documents from Mr. Clark. Mr. Clark received the subpoena electronically at least by the November 22, 2021 communication. He made no objection to this form of service, which was common practice during the pandemic. ███████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████

Disciplinary Counsel submitted a specification of charges against Mr. Clark in July 2022, which a contact member approved. When a process server went to Mr. Clark's home to serve him with the petition and specification of charges, Mr. Clark refused to admit him. Mr. Clark then agreed to accept service on July 22, 2022, and service was accomplished. The specification of charges is less than nine pages long, consisting of 31 paragraphs and two charged Rule violations. Mr. Clark is represented by three law firms, and there is not plausible reason why his lawyers cannot file a simple Answer in 20 days. Mr. Clark's alleged need for access to his computer devices might be relevant were a hearing in the immediate offing but admitting or denying the allegations does not require that access. This is particularly

3

so since there have been two Congressional hearings—one by the Senate Judiciary Committee and one by the House January 6 Committee—in which Mr. Clark participated, and which have developed the facts.

Disciplinary Counsel is generally willing to accommodate requests for reasonable extensions, but not in the face of an on-going history of delay and avoidance. It is impossible to accept that three different law firms cannot respond to a short specification of charges on time. Given the tactics that he has previously employed, the hearing committee can have no assurance that Mr. Clark will not persist in his efforts to delay the resolution of the charges against him. Indeed, his motion for delay in order to file "responsive pleadings," tips his hand that this is what he intends to continue to do. Delay is endemic to the disciplinary system. The hearing committee should not exasperate the problem—particularly in a case of this importance—by honoring such flimsy excuses.

The motion for extension should be denied.

                                         Respectfully submitted,

                                         *Hamilton P. Fox, III*
                                         _____
                                         Hamilton P. Fox, III
                                         Disciplinary Counsel
                                         Bar Registration No. 113050

                                         /s/ Jason R. Horrell
                                         Jason R. Horrell
                                         Assistant Disciplinary Counsel
                                         Bar Registration No. 1033885

OFFICE OF DISCIPLINARY COUNSEL
515 Fifth Street, N.W.
Building A, Room 117
Washington, D.C.  20001
(202) 638-1501

### CERTIFICATE OF SERVICE

I hereby certify that on this 4th day of August 2022, I caused a copy of the foregoing *Disciplinary Counsel's Opposition to Respondent's Motion for Extension of Time to File Response to Specification of Charges* to be served on the Board of Professional Responsibility c/o Case Managers to casemanagers@dcbpr.org and to Respondent's counsels via email to Harry W. MacDougald, Esquire, to hmacdougald@CCEDlaw.com, to Charles Burnham, Esquire, to charles@burnhamgorokhov.com, and Robert A. Destro, Esquire, to Robert.destro@protonmail.com.

*Hamilton P. Fox, III*
_____
Hamilton P. Fox, III

5