# EXHIBIT A-28

DISTRICT OF COLUMBIA COURT OF APPEALS
BOARD ON PROFESSIONAL RESPONSIBILITY

ISSUED
Sep 2 2022 4:14pm
Board on Professional Responsibility

In the Matter of: : **UNDER SEAL**

JEFFREY B. CLARK,

Petitioner.

Board Docket No. 22-BD-039
Disciplinary Docket No. 2021-D193

A Member of the Bar of the
District of Columbia Court of Appeals
(Bar Registration No. 455315)

ORDER

This matter is pending before a Hearing Committee. It is before the Board on Respondent's Response to the Board's August 8th Sealing Order Including a Call For Affirmative Relief and Incorporated Motion to Seal, and Disciplinary Counsel's Opposition thereto. On August 8, 2022, the Board granted the parties' motions to file under seal the motion papers regarding Respondent's motion for an extension of time to file his answer, and ordered the parties to publicly file copies of their motion papers with references to "Confidential Information" redacted.

*The Request to Seal All Proceedings.* Respondent requests that proceedings before the Board and the Hearing Committee be sealed pending ███████████████████████

██████████████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████████████

Disciplinary Counsel opposes Respondent's request to seal this entire proceeding, arguing that

> Rule XI, § 17(a), provides that after a petition has been filed, "All proceedings before the Hearing Committee and the Board shall be open to the public, and the petition, together with any exhibits introduced into evidence, **any pleadings filed by the parties**, and any transcript of the proceeding, shall be available for public inspection" (emphasis added).
>
> D.C. Bar R. XI, § 17(d) governs the issuance of protective orders, and provides that the

Board may "issue a protective order prohibiting the disclosure of confidential or privileged information or of any documents listed in the order, including subpoenas and depositions, and directing that any proceedings before the Board or a Hearing Committee be so conducted as to implement the order." Respondent's request to seal the entire proceeding does not identify any "confidential or privileged information" that would be disclosed absent entry of a protective order that is broader than the Board's August 8, 2022 Order, and thus he has not established a basis for sealing all proceedings before the Board and the Hearing Committee.

*Required Redactions.* Respondent has submitted two different sets of proposed redactions to his motion for extension of time to respond to the Specification of Charges, and his reply in support thereof. The August 8, 2022 Order granting the parties' motions for protective order made clear that "Confidential Information" as used in that Order "refers to ███████████ ████████████████████████████████████████ ████████████████████████████████ Respondent argues that "Confidential Information" to be redacted should also include "references to facts ████ ██████████████████████ and to the pending federal investigation of Respondent." Disciplinary Counsel opposes redactions beyond those required by the August 8, 2022 Board Order

> D.C. Bar R. XI, § 17(a) provides that
>
> all proceedings involving allegations of misconduct by an attorney shall be kept confidential until either a petition has been filed under section 8(c) or an informal admonition has been issued.

███████████████████████████████████████████
███████████████████████████████████████████
███████████████████████████████████████ However, facts

that are relevant to this public disciplinary proceeding before a Hearing Committee should not be redacted from public view ███████████████████████████████████████████

███████████████████████████████ Only facts that reveal the Confidential Information should be redacted. Respondent offered two sets of proposed redactions. The "narrow" redactions in Respondent's motion and reply are largely accepted, to include a few instances where the information reasonably could reveal the nature of the Confidential Information. Similarly Disciplinary Counsel's opposition has been redacted to remove information that reasonably could reveal the Confidential Information.

On the other hand, Respondent's "expansive" redactions are largely rejected because they exceed the scope of the Board's protective order and do not reveal the Confidential Information. This includes Respondent's request to redact references to his pending federal investigation. Respondent does not discuss how those proposed redactions include "confidential or privileged information," and thus, he has offered no basis for redacting that information from his motion papers seeking an extension of time to file his response to the Specification of Charges.

Upon consideration of the foregoing, and it is hereby

ORDERED that Respondent's Call For Affirmative Relief and Incorporated Motion to Seal is denied; and it is further

ORDERED that, by 5 p.m. on September 6, 2022, the Office of the Executive Attorney will publicly file the attached redacted copies of: (i) this Order, (ii) Respondent's motion for extension, (iii) Disciplinary Counsel's opposition to Respondent's motion, and (iv) Respondent's reply in support of his motion; and it is further

ORDERED that a party filing any document that discloses "Confidential Information" as defined in the August 8, 2022 Order, shall file that document under seal and shall simultaneously publicly file a redacted version of that document, redacting only the "Confidential Information";

and it is further

ORDERED that for any documents filed after the August 8, 2022 Order and prior to this Order that disclose "Confidential Information," the filing party shall publicly file appropriately redacted copies within three days of this Order.

BOARD ON PROFESSIONAL RESPONSIBILITY

By: _____
Lucy Pittman
Chair

cc:

Jeffrey Clark, Esquire
c/o Charles Burnham, Esquire
Robert A. Destro, Esquire
Harry W. MacDougald, Esquire
charles@burnhamgorokhov.com
robert.destro@protonmail.com
hmacdougald@ccedlaw.com

Hamilton P. Fox, III, Esquire
Jason R. Horrell, Esquire
Office of Disciplinary Counsel
foxp@dcodc.org
horrellj@dcodc.org