# EXHIBIT A-29



RECEIVED
Sep 6 2022 12:01pm
Board on Professional Responsibility

# DISTRICT OF COLUMBIA COURT OF APPEALS
# BOARD ON PROFESSIONAL RESPONSIBILITY

|  |  |  |
|---|---|---|
| In the Matter of | : | Board No. 22-BD-039 |
| JEFFREY B. CLARK, ESQUIRE | : | Disciplinary Docket No. 2021-D193 |
| Respondent, | : |  |
| A Member of the Bar of the District of Columbia Court of Appeals. Bar Number: 455315 Date of Admission: July 7, 1997 | : |  |

### OPPOSITION TO RESPONDENT'S "SEALED RESPONSE TO THE BOARD'S AUGUST 8ᵀᴴ SEALING ORDER INCLUDING A CALL FOR AFFIRMATIVE RELIEF AND INCORPORATED MOTION TO SEAL"[1]

Disciplinary Counsel is not filing this Opposition under seal because proceedings following the filing of a specification of charges and a petition are public under Rule XI, § 17(a). By improperly filing his pleading under seal, Respondent should not dictate that any responsive pleading also be placed under seal in violation of that Rule.

This set of motions was initiated when Respondent sought an extension of time to answer the Specification of Charges served upon him July 22, 2022.

---

[1] Disciplinary Counsel originally filed its Opposition on August 15, 2022, but mistakenly included "Under Seal" in the case caption. This Opposition should not be under seal. Disciplinary Counsel has removed that designation and is re-filing its Opposition for the public docket without any other revisions.

Respondent did not seek leave to place his motion for extension under seal. Because Disciplinary Counsel wanted to refer in its opposition to a matter that is currently under seal, even though there is no longer a reason why it should remain under seal, it sought authority from the Board to file its opposition pleading under seal. Simultaneously, Disciplinary Counsel moved to unseal the matter under seal, and that motion is pending. In granting Disciplinary Counsel's motion to file under seal, the Board ordered that information referring to the existence of, and proceedings in, that sealed matter should be placed under seal and that the parties should file public versions of their pleadings redacting information referred to the sealed matter. Disciplinary Counsel did so.

Respondent has now filed a highly unusual pleading that apparently asks for the entire case to be tried in secret, but at a minimum requests to place under seal facts relating to a search warrant executed upon his home—which he admits has had extensive coverage in the press—and the events that led to the proceeding that is currently under seal. In other words, he wants to keep secret not just the proceeding that is under seal but also facts occurring before that proceeding and that led to the proceeding. He cites no authority for this extraordinary request. His entire seven-page pleading cites no precedent nor any rule that authorizes such secrecy.

Rule XI, § 17(a), provides that after a petition has been filed, "All proceedings before the Hearing Committee and the Board shall be open to the public, and the

2

petition, together with any exhibits introduced into evidence, **any pleadings filed by the parties**, and any transcript of the proceeding, shall be available for public inspection" (emphasis added).  This rule was adopted by the Court in 1995 following the McKay Report's recommendation to the ABA that such proceedings be public because "secrecy in discipline proceedings continues to be the greatest single source of public distrust of lawyer disciplinary systems."  American Bar Association, *Lawyer Regulation for a New Century: Report of the Commission on Evaluation of Disciplinary Enforcement*, Recommendation 7 (1992).  The Court accepted the recommendation of the D.C. Bar that a private disciplinary system "engenders public distrust" because "[t]he public is suspicious that lawyers are protecting their own," and "[l]awyers are not entitled to greater protection for their reputations than a citizen accused of a crime or a defendant in a civil action." *Report to the Board of Governors of the D.C. Bar on Changes in the Disciplinary System,* 57-59 (Feb. 1993).  In adopting the recommendation, the Court explained that § 17(a) "reflects a judgment by the court in favor of general openness in disciplinary proceedings.' *In re Dunietz*, 687 A.2d 206, 211 (D.C. 1996).

While all disciplinary proceedings should be public, it is particularly important that this proceeding be so.  Respondent's misconduct was committed while he was serving as an Assistant Attorney General, a presidential appointment.  He sought, without factual basis, to undermine the integrity of a Presidential

3

election, in violation of the oath to the Constitution to which he had sworn.  This is a matter of intense public interest.  The January 6 Committee devoted the substantial part of one of its public hearings to Respondent's misconduct.  No case should be tried before a Star Chamber, and particularly not this one.  The Board should reject Respondent's efforts to cloak this proceeding in secrecy.

                              Respectfully submitted,

                              *Hamilton P. Fox, III*
                              _____
                              Hamilton P. Fox, III
                              Disciplinary Counsel
                              Bar Registration No. 113050

                              /s/ Jason R. Horrell
                              Jason R. Horrell
                              Assistant Disciplinary Counsel
                              Bar Registration No. 1033885

                              OFFICE OF DISCIPLINARY COUNSEL
                              515 Fifth Street, N.W.
                              Building A, Room 117
                              Washington, D.C.  20001
                              (202) 638-1501

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 6th day of September 2022, I caused a copy of the foregoing *Disciplinary Counsel's Opposition to Respondent's "Sealed Response to the Board's August 8th Sealing Order Including a Call for Affirmative Relief and Incorporated Motion to Seal"* to be served on the Board of Professional Responsibility c/o Case Managers to casemanagers@dcbpr.org and to Respondent's counsels via email to Harry W. MacDougald, Esquire, to hmacdougald@CCEDlaw.com, to Charles Burnham, Esquire, to charles@burnhamgorokhov.com, and Robert A. Destro, Esquire, to Robert.destro@protonmail.com.

*Hamilton P. Fox, III*

_____

Hamilton P. Fox, III