# EXHIBIT A-51

DISTRICT OF COLUMBIA COURT OF APPEALS
BOARD ON PROFESSIONAL RESPONSIBILITY
HEARING COMMITTEE NUMBER TWELVE



RECEIVED
Oct 3 2022 3:29pm
Board on Professional Responsibility

| | | |
|---|---|---|
| In the Matter of | : | Board No. 22-BD-039 |
| JEFFREY B. CLARK, ESQUIRE | : | Disciplinary Docket No. 2021-D193 |
| Respondent, | : | |
| A Member of the Bar of the District of Columbia Court of Appeals. Bar Number: 455315 Date of Admission: July 7, 1997 | : | |

### STATEMENT CONCERNING HEARING DATES

By Order dated September 29, 2022, the Hearing Committee directed the parties to meet and confer about their availability for a hearing on November 14-18, December 6-9, or December 12-16, 2022. If those dates are not available, the parties were directed to make reasonable efforts to agree on hearing dates reasonably close to the above dates.

Disciplinary Counsel is unavailable on any of the suggested dates. Two important witnesses, one of whom is not within subpoena range, are unavailable on the November dates. Disciplinary Counsel has already scheduled a hearing in *In re Giuliani* on the December dates. As of yet, all the witnesses have not responded to inquiries as their availability on alternative dates, but Disciplinary Counsel

anticipates having that information available by the October 6th pre-hearing conference.

Respondent takes the position, set forth in the attached document, that it is premature to set a hearing date and that the earliest possible date is sometime in January.

Accordingly, it will be necessary to determine the hearing date at the pre-hearing conference on October 6, 2022.

Respectfully submitted,

*Hamilton P. Fox, III*
_____
Hamilton P. Fox, III
Disciplinary Counsel


**/s/ Jason R. Horrell**
Jason R. Horrell
Assistant Disciplinary Counsel

OFFICE OF DISCIPLINARY COUNSEL
515 Fifth Street, N.W.
Building A, Room 117
Washington, D.C.  20001
(202) 638-1501

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 3rd day of October 2022, I caused a copy of the foregoing *Statement Concerning Hearing Dates* to be served on the Board of Professional Responsibility c/o Case Managers to casemanagers@dcbpr.org and to Respondent's counsels via email to Harry W. MacDougald, Esquire, to hmacdougald@CCEDlaw.com, to Charles Burnham, Esquire, to charles@burnhamgorokhov.com, and Robert A. Destro, Esquire, to Robert.destro@protonmail.com.

*Hamilton P. Fox, III*
_____
Hamilton P. Fox, III

# RESPONSE TO ORDER TO SET SCHEDULE

## RESPONDENT'S POSITION

1. Choice of hearing dates

   Respondent suggests that it is premature to set a hearing date. This is for several reasons set out below. In order to be responsive to the Chair's order, however, Respondent predicts that the earliest possible hearing date would be the middle of January 2023, though even that is likely overly optimistic.

   The reasons we are unable to agree to one of the specific hearing dates proposed are as follows:

   A.   Respondent is exploring options to seek judicial review of the Chair's decision to hold a hearing before it is definitively established that the Board of Professional Responsibility and its sub-units have the jurisdiction to hold such a hearing under the circumstances of this case, and for this case to be held in abeyance pending the resolution of such a judicial review action. Relatedly, we have asked Mr. Fox to consent to such an approach and he has declined. At the Thursday hearing, we intend on Respondent's behalf to ask the Hearing Committee or the Board if necessary to join us in moving a court to review the threshold jurisdictional issue.

   Taking due note of the Committee Chair's ruling on September 29, 2022 that he did not have authority under the Board Rules and the precedents of the District of Columbia Court of Appeals to rule on Respondent's motion to dismiss, but was instead required to include a report and recommendation thereon after the evidentiary hearing, Respondent respectfully notes there is a substantial subject matter jurisdiction question in this case, that the Board's Rules do not contemplate such challenges, that in federal courts subject matter jurisdiction is a threshold matter that must be decided first before hearing the merits of a case, and that the DCCA follows this rule, as it must. *See Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574 (1999) (threshold jurisdictional questions must be resolved before merits); *Steel Co. v. Citizens for Better Env't*, 523 U. S. 83, 94-95 (1998) (requirement to establish subject matter jurisdiction as a threshold matter "inflexible and without exception");  *UMC Dev. LLC v. District of Columbia*, 120 A.2d. 37, 42 (2015 (standing is a subject matter jurisdiction question that "is a

threshold jurisdictional question which must be addressed prior to and independently of the merits of a party's claim."). As noted, Disciplinary Counsel declined to join Respondent in seeking judicial review of this issue.

B.  Despite uncertainties as to the scope of Disciplinary Counsel's evidence and therefore of what evidence should be presented in response, Respondent anticipates seeking the testimony of one or more former employees of the Department of Justice. This introduces two forms of delay of uncertain duration.

1) First, one or more of these former employees resides outside the territorial reach of a subpoena from the Board. Therefore, Respondent will be required to initiate proceedings to secure their testimony, if such procedures are available. These procedures require proceedings both in the forum jurisdiction and the jurisdiction where the witness resides.

2) Second, the Department of Justice must review and approve any such subpoena for testimony under DOJ's *Touhy* regulations, found at 28 C.F.R. §§ 16.21 *et seq*. Respondent does not know how long either of these two steps would take, nor their outcome.

Respondent thus suggests, even assuming no judicial review process to resolve the threshold jurisdictional process will occur, it would not be possible to hold the hearing any earlier than the middle of January to allow a reasonable period in which these two procedural sources of delay could be completed.

C. Respondent intends to seek discovery, including both propounding subpoenas to DOJ and seeking witness depositions. This could introduce additional delay and require an even later hearing date. Mr. Fox's position may be that it is too late to seek discovery, and we have asked him why that is so, but his response is unclear, so that will be a topic of dispute at the Thursday hearing.

D. When Respondent moved to defer the Committee's evidentiary hearing in this case, it was expected that the January 6 Committee would not complete its work, or release a final report, or release full deposition transcripts until after the November 2022 election. More recently, however, and only after the motion to defer was denied by the Board Chair, the Committee has announced that its final report will be issued *before* the November election. This raises the prospect that full deposition transcripts will be issued around the time of the final report.

The full report, the full transcripts, and any documentary evidence released by the January 6 Committee are likely to reveal relevant evidence and testimony that are presently either unknown or unavailable to the Respondent. Respondent anticipates that exculpatory evidence and testimony will then become known, and that he may want to present them in this case.[1]

Disciplinary Counsel has kindly indicated that he intends to call Jeffrey Rosen and Richard Donoghue, and perhaps Ken Klukowski, though he reserves the right to call other witnesses. All three gave deposition testimony to the January 6 Committee, but only narrow excerpts of their testimony have been publicly released. Mr. Klukowski issued a public statement through counsel that the January 6 Committee had misrepresented his deposition testimony and documents to falsely inculpate him and the Respondent. To have a fair trial, the hearing should be pushed back so that Respondent can have access to the full transcripts and to potentially exculpatory evidence, or evidence with which to impeach the witnesses against him.

2. Dates for submission of Documents, witnesses, motion to present testimony remotely.

Respondent suggests the following:

Witness list and list of Exhibits: 30 days before the hearing.

Stipulations: 21 days before the hearing, with leave to adopt additional stipulations if the parties agree.

Motions to Present Testimony Remotely: 21 days before the hearing.

Other filings, Motions in Limine, etc.: 14 days before the hearing, with responses due 7 days later.

---

[1] To be clear, Respondent *is not* arguing that the Committee's report would be admissible here, especially because it was prepared without appropriate legal safeguards to Respondent, such as transparency, the ability of *de facto* targets of the Committee like the Respondent to confront witnesses and cross examine them, as well as the Committee exceeding important limits on its power under the terms of the relevant House procedures, as well as other legal defects. Respondent *is* arguing that the transcripts may contain admissions or reveal new information presently unknown.

3