# EXHIBIT A-55

DISTRICT OF COLUMBIA COURT OF APPEALS
BOARD ON PROFESSIONAL RESPONSIBILITY
HEARING COMMITTEE NUMBER TWELVE



RECEIVED

Oct 12 2022 9:50am

Board on Professional
Responsibility

In the Matter of:                                    :
                                                     :
    JEFFREY B. CLARK                                 :
                                                     :  Board Docket No. 22-BD-039
Respondent.                                          :  Disciplinary Docket No. 2021-D193
                                                     :
A Member of the Bar of the                           :
District of Columbia Court of Appeals                :
(Bar Registration No. 455315)                        :

## ORDER

A pre-hearing conference was held by Zoom video conference on October 6, 2022, at 9:30 a.m. before the Chair of this Hearing Committee. Disciplinary Counsel Hamilton P. Fox, III, Esquire, and Assistant Disciplinary Counsel Jason R. Horrell, Esquire, appeared for the Office of Disciplinary Counsel.  Charles Burnham, Esquire, Robert A. Destro, Esquire, and Harry W. MacDougald, Esquire, appeared on behalf of Respondent.  Respondent also appeared.

During the pre-hearing conference, Respondent's counsel indicated an intent to seek judicial review to challenge the Court of Appeals' disciplinary jurisdiction, and counsel invited the Hearing Committee to join in seeking such review.  The Chair declined to join Respondent in seeking judicial review.

Respondent's counsel noted that the proceedings before the United States House of Representatives Select Committee to Investigate the January 6th Attack on the United States Capitol (the "January 6 Committee") were likely to conclude in November, 2022, sooner than previously expected, and argued that the case should be deferred pending conclusion of the January 6 Committee proceedings.  The Hearing Committee Chair will treat this as a motion to reconsider the recommendation to the Board Chair that Respondent's deferral request be denied.  The Board Chair agreed with the prior recommendation that this proceeding should not await the resolution

of the January 6 Committee proceedings.  *See*, Order, *In re Clark*, Board Docket No. 22-BD-039, (BPR September 27, 2022).  The fact that those proceedings may conclude sooner than previously anticipated is not a basis to reconsider the prior recommendation to the Board Chair.  Respondent's motion for reconsideration is denied.

Disciplinary Counsel and Mr. Clark have both indicated that they plan to call one or more current or former Justice Department officials or employees who could be subject to "*Touhy*" regulations found at 28 C.F.R. §§ 16.21 *et seq*., and Mr. Clark has indicated that he may wish to seek either to depose or to call at hearing witnesses who might need to be subpoenaed.  In addition, both Disciplinary Counsel and Mr. Clark have raised the possibility that there may be motions filed in connection with the other's production of documents.  Counsel are directed to act as quickly as possible to take any procedural steps that they believe to be necessary and appropriate in connection with witnesses or the production of documents in accordance with the Board Rules.  *See* Board Rule 3.5 ("Time limitations otherwise established by the Court and the Board for the conduct of disciplinary proceedings shall not be extended solely for the purpose of conducting discovery, except in extraordinary circumstances").

As addressed on the record with counsel, the following deadlines shall apply in this matter:

a.      The hearing will be held from **January 9 – 14, 2023**, beginning at **9:30 a.m.** each day. The parties shall appear promptly at that time.  If, despite diligent efforts, the hearing cannot be completed during these days, an additional hearing day will be held on **January 25, 2023**, beginning at **9:30 a.m.**. The hearing will be held via Zoom video conference (pending further order of the Board regarding in-person proceedings).  The Office of the Executive Attorney will provide the parties with instructions on how to connect to the hearing.  The parties are directed to review the    Board's    Guidelines    for    Remote    Disciplinary    Proceedings,    available    at

https://www.dcbar.org/attorney-discipline/attorney-discipline-news, in advance of the hearing. Because the hearing is currently scheduled to take place via Zoom, the parties are not required to comply with the requirements of Board Rule 11.4.

      b.      On or before **December 5, 2022**, the parties shall designate any expert witness who will testify in their respective direct cases and file the designation with the Office of the Executive Attorney.  That designation shall be accompanied by an expert report which conforms to the standards set forth in D.C. Superior Court Rule 26(a).  Any objections to expert witnesses, and the grounds therefor, shall be filed with the Office of the Executive Attorney and served on opposing counsel on or before **December 12, 2022**.  Any rebuttal expert designation and report, conforming to the standard set forth above, may be filed on or before **December 23, 2022**.

      c.      On or before **December 7, 2022**, the parties shall meet and confer concerning any motion *in limine* that either party intends to file.  Any such motion shall be filed on or before **December 14, 2022** and any response thereto may be filed by **December 21, 2022.**

      d.      On or before **December 12, 2022**, the parties shall:

      (i)      exchange proposed exhibits and file with the Office of the Executive Attorney a **PDF formatted copy of proposed exhibits, with bookmarks for the exhibit numbers, by email to casemanager@dcbpr.org**.  If the file size of any PDF is too large to send by email, the parties may contact the Board's case managers to arrange for another method of electronic filing.  The parties should be prepared to file one or more hard copies of their exhibits upon request. **For ease of future reference, all exhibits must be separately paginated, identified by an exhibit number (not an exhibit letter), and should not contain letter prefixes or suffixes. (i.e., C-1, C-2,**

**C-3, or 1A, 1B, 1C).  Proposed exhibits shall be accompanied by a List of Exhibits Form** (provided by the Office of the Executive Attorney and available at https://www.dcbar.org/attorney-discipline/board-on-professional-responsibility/forms-and-documents).  The heading, case information, exhibit numbers, and descriptions shall be typewritten (pursuant to Board Rule 19.8) on the List of Exhibits Form, with the three remaining columns and signatures to be completed at the conclusion of the hearing.  **All exhibits must comply with Board Rule 19.8(g)**, which requires the redaction of certain information.  Any exhibits filed under seal shall be accompanied by a redacted version for inclusion in the public record, and any such sealed exhibit shall be clearly designated on the parties' exhibit lists.  **Any objection to a proposed exhibit and the grounds therefor, shall be filed with the Office of the Executive Attorney and served on opposing counsel on or before December 19, 2022.**  To the extent either party intends to object to an exhibit on authenticity grounds, the parties are directed to meet and confer in a good faith effort to resolve the issue without Committee involvement.  Prior to the conclusion of the hearing in this matter, the parties shall meet and confer regarding the disposition of any exhibits offered into evidence, and shall raise any disagreements with the Hearing Committee so that any dispute regarding the disposition of any proffered exhibit can be resolved before the hearing concludes.  **Within seven days following the conclusion of the hearing, each party shall file (1) a completed, signed exhibit form**

**showing which exhibits moved, excluded, and not offered into evidence, and (2) provide the Office of the Executive Attorney with an updated PDF formatted copy of their exhibits, including only those that were moved into evidence**; and

(ii)     exchange lists of witnesses who will testify in their respective direct cases and file them with the Office of the Executive Attorney. The witness lists shall include a brief description of the anticipated testimony of each proposed witness and (in the event a live hearing is scheduled) indicate whether the witness will testify live or remotely.  The use of remote testimony as opposed to live is approved.  Neither party will be required to submit a motion in order to present testimony remotely.  Witnesses not identified on these witness lists will not be allowed to testify in the parties' direct cases, absent good cause shown. Any objections to witnesses, and the grounds therefor, shall be filed with the Office of the Executive Attorney and served on opposing counsel on or before **December 19, 2022**.

e.     On or before **December 21, 2022**, the parties shall confer and file any stipulations of fact to which they have agreed.  The parties are strongly encouraged to tailor their respective direct cases at the hearing with those stipulations in mind so as to avoid as much as possible the repetition of stipulated facts.

f.     If Respondent has filed notice under Board Rule 7.6(a) of intent to offer evidence of disability in mitigation of sanction pursuant to Board Rule 11.13, Respondent shall, no later than the date set by the Hearing Committee for the filing of witness and exhibit lists, serve on Disciplinary Counsel a list identifying any witnesses Respondent intends to call in support of the

disability mitigation claim (with summaries of their testimony) and copies of any exhibits that Respondent intends to offer in support of the disability mitigation claim. Respondent shall not be required to file this witness list or exhibits with the Hearing Committee at that time, unless Respondent has decided to disclose to the Hearing Committee the intent to raise an alleged disability in mitigation of sanction. *See* Board Rule 7.6(b). Disciplinary Counsel's disability-related witness list and exhibits shall be filed after Respondent completes the presentation of disability-related evidence, or at such other time as the Hearing Committee may direct.

g.     The parties are directed to avoid scheduling conflicting matters and shall inform any court/administrative agency of the prior commitment to the disciplinary system. Any motion to continue the hearing shall be made in writing and filed with the Board Office for transmission to the Hearing Committee Chair **at least seven (7) days** before the hearing date, and will be granted only for good cause shown. *See* Board Rule 7.10. The Hearing Committee shall not consider any oral request for a continuance absent the most unusual emergency circumstances. *See* Board Rule 7.10.

It is so Ordered.

HEARING COMMITTEE NUMBER TWELVE

By:  _____
Merril Hirsh
Chair

cc:

Jeffrey Clark, Esquire
c/o Charles Burnham, Esquire
Robert A. Destro, Esquire
Harry W. MacDougald, Esquire
charles@burnhamgorokhov.com
robert.destro@protonmail.com
hmacdougald@ccedlaw.com

6

Hamilton P. Fox, III, Esquire
Jason R. Horrell, Esquire
Office of Disciplinary Counsel
foxp@dcodc.org
horrellj@dcodc.org