# EXHIBIT B-1

RICHARD J. DURBIN, ILLINOIS, CHAIR

PATRICK J. LEAHY, VERMONT
DIANNE FEINSTEIN, CALIFORNIA
SHELDON WHITEHOUSE, RHODE ISLAND
AMY KLOBUCHAR, MINNESOTA
CHRISTOPHER A. COONS, DELAWARE
RICHARD BLUMENTHAL, CONNECTICUT
MAZIE K. HIRONO, HAWAII
CORY A. BOOKER, NEW JERSEY
ALEX PADILLA, CALIFORNIA
JON OSSOFF, GEORGIA

CHARLES E. GRASSLEY, IOWA
LINDSEY O. GRAHAM, SOUTH CAROLINA
JOHN CORNYN, TEXAS
MICHAEL S. LEE, UTAH
TED CRUZ, TEXAS
BEN SASSE, NEBRASKA
JOSHUA D. HAWLEY, MISSOURI
TOM COTTON, ARKANSAS
JOHN KENNEDY, LOUISIANA
THOM TILLIS, NORTH CAROLINA
MARSHA BLACKBURN, TENNESSEE



United States Senate
COMMITTEE ON THE JUDICIARY
WASHINGTON, DC 20510–6275

October 7, 2021

Office of Disciplinary Counsel
District of Columbia Court of Appeals
515 5th Street NW
Building A, Suite 117
Washington, D.C. 20001

Re:   **Request for Disciplinary Investigation of Jeffrey Bossert Clark**

To the Disciplinary Counsel:

As the Chair of the U.S. Senate Judiciary Committee, I write to express my grave concern about actions taken by Jeffrey Bossert Clark that may constitute serious professional misconduct under the D.C. Rules of Professional Conduct. Since January 2021, the Committee has been investigating allegations that Mr. Clark aided then-President Trump's efforts to enlist the U.S. Department of Justice (DOJ) in overturning the results of the 2020 Presidential election. After months of reviewing documents and interviewing key former DOJ personnel with firsthand knowledge of Mr. Clark's actions, the Committee has released the attached interim staff report (the "Report"). Based on the Report's findings, I respectfully request that the Office of Disciplinary Counsel open an investigation to determine whether Mr. Clark, who is a member of the D.C. Bar, violated applicable D.C. Rules of Professional Conduct and should be subject to disciplinary action.

As further detailed in the Report, Mr. Clark attempted to enlist DOJ in President Trump's efforts to overturn the results of the presidential election without evidence or legal authority. In furtherance of this goal, Mr. Clark:

- violated, blatantly and on multiple occasions, longstanding DOJ policies designed to insulate the Department's investigations and prosecutions from partisan political influence by meeting with President Trump;

- continually pressed DOJ leadership to publicly announce that there was corruption in the 2020 general election and to urge swing-state legislatures to convene special legislative sessions to appoint alternate slates of electors, despite being repeatedly told by DOJ leadership that his election fraud claims were baseless and that DOJ lacked legal authority to pursue his proposed course of action; and

- attempted to coerce then-Acting Attorney General Jeffrey Rosen into agreeing to his proposals by threatening Mr. Rosen with the prospect of replacing him as Attorney General.

Lawyers admitted to the D.C. Bar swear an oath "to support the Constitution of the United States."[1] It should go without saying that attempts to subvert a free and fair election do not support the Constitution.

The D.C. Bar defines misconduct as "[a]cts or omissions by an attorney…which violate the attorney's oath of office or the rules or code of professional conduct currently in effect."[2] Mr. Clark's actions implicate several D.C. Rules of Professional Conduct. First, by using his official capacity as an Acting Assistant Attorney General to push DOJ to take official action based on verifiable falsehoods, Mr. Clark appears to have violated Rule 1.2(e)'s prohibition against "counsel[ing] a client to engage, or assist[ing] a client, in conduct the lawyer knows is criminal or fraudulent." While Rule 1.2(e) allows "lawyers to discuss the consequences of any proposed course of conduct with a client" and "assist a client to make a good-faith effort to determine the validity, scope, meaning, or application of the law," Mr. Clark's actions do not fit into this exemption. To the contrary, as the Report demonstrates, he repeatedly pressed DOJ leadership to take the extraordinary and unlawful step of intervening in states' appointment of electors based on false claims of election fraud. Rule 1.0(f) defines knowledge as "actual knowledge," which "may be inferred from circumstances." The American Bar Association's Standing Committee on Ethics and Professional Responsibility has further clarified that actual knowledge "may be inferred from the circumstances, including a lawyer's willful blindness to or conscious avoidance of facts." ABA Formal Op. 491 (2020). As the Report establishes, Mr. Clark should have known, and was given every opportunity to know, that the election fraud claims he pushed were false.

Mr. Clark also appears to have violated at least four of the prohibitions in Rule 8.4 regarding professional misconduct. First, the verifiable falsehoods at the core of Mr. Clark's efforts implicate Rule 8.4(c)'s prohibition of "conduct involving dishonesty, fraud, deceit, or misrepresentation." Second, his repeated requests that Acting Attorney General Rosen endorse these falsehoods, and his suggestion that he would decline an offer to replace Rosen as Acting Attorney General if Rosen agreed to pursue his proposal, implicate Rule 8.4(a)'s prohibition against knowingly assisting or inducing someone to violate the Rules of Professional Conduct. Third, Rule 8.4(e) prohibits a lawyer from "stat[ing] or imply[ing] an ability to influence improperly a government agency or official," and Mr. Clark attempted to improperly influence both DOJ's own leadership and several state legislatures. Finally, as a senior DOJ official who sought to improperly use DOJ's law enforcement powers on behalf of a political candidate and to overturn the election results, the totality of Mr. Clark's efforts implicate Rule 8.4(d)'s prohibition of "conduct that seriously interferes with the administration of justice." Other Rules may be similarly implicated.

Mr. Clark's misconduct does more than speak to his fitness as a lawyer; his activities, which were part of a broader course of conduct by President Trump and his allies to overturn the election, have had severe ramifications for the rule of law. When a government lawyer,

---

[1] Attorney Oath of Admission to the District of Columbia Bar, *available at* https://www.dccourts.gov/sites/default/files/divisionspdfs/committee%20on%20admissions%20pdf/Attorney_Oath_Statement_Roll_of_Attorneys.pdf.

[2] Rules Governing the District of Columbia Bar, Rule XI, Section 2(b).

particularly one entrusted with a high level of leadership in the nation's foremost law enforcement agency, commits serious violations of professional conduct, such actions undermine the integrity of our justice system and erode public confidence in it. Public confidence is further eroded when serious misconduct comes to light only to be met with no consequences. Therefore, I submit this letter of complaint to respectfully request that the Office of the Disciplinary Counsel initiate an investigation and take appropriate disciplinary proceedings pursuant to Rule XI of the Rules Governing the District of Columbia Bar.

I appreciate your prompt attention to this sensitive matter. The Committee is available for further consultation as needed.

Sincerely,

Richard J. Durbin
Chair, U.S. Senate Committee on the Judiciary

Enclosure

cc:   The Honorable Charles E. Grassley
      Ranking Member, U.S. Senate Committee on the Judiciary