

Clerk of the Court
Received 03/17/2022 02:32 PM

**UNDER SEAL**

DCCA No. 22-BS-0059

**DISTRICT OF COLUMBIA
COURT OF APPEALS**

|  |  |  |
|---|---|---|
| In the Matter of | : | |
| | : | |
| CONFIDENTIAL (J.B.C.), ESQ. | : | Disciplinary Docket No. 2021-D193 |
| | : | |
| Respondent, | : | |
| | : | |
| A Member of the Bar of the District | : | |
| of Columbia Court of Appeals. | : | |
| Bar Number: 455315 | : | |
| Date of Admission: July 7, 1997 | : | |
| | : | |

**MOTION FOR LEAVE TO REPLY TO
RESPONDENT'S MARCH 15, 2022, PLEADING**

With some reluctance, because of a desire to avoid continuous pleading, Disciplinary Counsel seeks leave to reply to Respondent's March 15, 2022, pleading. While styled as a "Response to ODC's Motion for Leave to Supplement the Record," the March 15 pleading also seeks to reargue the merits of the Motion to Enforce Subpoena *Duces Tecum,* after already having submitted many pages in excess of the page limitations (plus attachments) related to this subject. It also is wrong about the effectiveness of the subpoena served on Respondent on February 28, 2022.

Although Disciplinary Counsel believes that Respondent had waived his right to personal service by his conduct following the receipt of the initial subpoena in this matter, that ultimately seemed to be a silly issue about which to waste the Court's time, when it could be mooted by re-serving the subpoena. This was done on February 28, 2022, with a subpoena identical to the initial subpoena, but for its date of issuance and return. Following that, after having obtained Respondent's consent, Disciplinary Counsel informed the Court in a five- sentence supplementation of the record that eschewed argument.

Respondent found it necessary to respond to that notice with a ten-page "Response," along with a 120-page set of exhibits. Half of the "Response" is devoted to an argument as to why the second subpoena was not properly served, but the other half, plus the bulk of the exhibits, is an effort to reargue his document production as self-incrimination claim. Disciplinary Counsel will not respond to that portion of the "Response," except to point out that none of the argument or the attachments addresses the central issue of how the *act of producing documents* in Respondent's possession containing evidence of election irregularities by others, or legal research or efforts to persuade the Department of Justice to intervene in state election procedures, could incriminate Respondent.

As to the effectiveness of the February 28 subpoena, Respondent makes three arguments. First, he claims that all the ancillary documents served with the initial

subpoena were not served with the second subpoena. The initial documents sent to his counsel and then to Respondent in the Fall of 2021 fell into two categories. Board Rule 2.7 requires Disciplinary Counsel to promptly notify a respondent that a case has been docketed, including "a copy of the complaint or other documents upon which the investigation is based" and to request a response. In this case, the investigation was based on a report from the majority staff of the Senate Committee on the Judiciary. Accordingly, Disciplinary Counsel wrote Respondent explaining that an investigation had been docketed and forwarded to him a copy of the report and two related letters, along with normal materials that are sent to every respondent at the outset of an investigation. Ultimately, Respondent made a general denial of the allegations in the staff report and asserted his right against self-incrimination to the precise allegations in the report. Disciplinary Counsel accepted that response. In addition, Disciplinary Counsel forwarded a subpoena for documents, which is the subject of these proceedings. This subpoena was re-served on February 28. It was identical to the first, except for the dates. The other materials related to the notification and request for response were not re-served (although Respondent obviously has them and is fully aware of them.)

Second, he argues that the subpoena was technically deficient because the person serving it did not fill out the portion of the form indicating the date and time of service and the name of the server. That is simply wrong. That information

3

cannot be filled out in advance since the date and time of services is not known until service is accomplished. Hence, it was not on the copy of the subpoena given to Respondent. (Respondent presumably knows the date and time of his personal service and admits to having been given the business card of the server.) It was, however, recorded on the original subpoena, which Disciplinary Counsel maintains it the files, and which would be filed with the Court if proof of service were necessary. A copy is attached.

      Third, Respondent complains because the server, Azadeh Matinpour, is an investigative attorney employed by the Office of Disciplinary Counsel. He argues that her employment violates Rule 45(b)(1), which prohibits service by a party. Ms. Matinpour is not a party. Her situation is no different from that of a deputy Marshall or an FBI agent, both employees of the Department of Justice, serving a grand jury subpoena. Furthermore, this court has previously rejected the argument that an attorney for a party cannot serve a subpoena. *In re Kirk*, 413 A.2d 928 (D.C. 1980) (stating that the plain language of Super. Ct. Cr. R. 17(b), which requires that a subpoena be served by "[a] marshal, a deputy marshal, or any nonparty who is at least 18 years old," permits service by a party's attorney). The comment to Super. Ct. Dom. Rel. R. 45, which contains virtually identical language regarding service of a subpoena as Sup. Ct. Civ. R. 45, cites *Kirk* and explains that "an attorney is not a party and may serve a subpoena." The same rationale logically applies to an

4

employee of a party's attorney. Additionally, in most of the cases, if not every case, Respondent cited in his "Response," the person sending or serving the subpoena was an actual party to the litigation.

Accordingly, the second subpoena has been properly served. Respondent, who has an obligation to cooperate with Disciplinary Counsel (*see* D.C. Rules of Prof. Resp. 8.1(b) & 8.4(d), Comment [2]), should be compelled to comply with the subpoena and cease obstructing this investigation.

                                            Respectfully submitted,

*Hamilton P. Fox, III*
_____
Hamilton P. Fox, III
Disciplinary Counsel
Bar Registration No. 113050


**/s/ Jason R. Horrell**_____
Jason R. Horrell
Assistant Disciplinary Counsel
Bar Registration No. 1033885

OFFICE OF DISCIPLINARY COUNSEL
515 5th Street, N.W.
Building A, Room 117
Washington, D.C.  20001
202-638-1501

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 17th day of March, 2022, I caused a copy of the foregoing Motion For Leave To Reply To Respondent's March 15, 2022, Pleading to be served on the Respondent's counsel, Harry W. MacDougald, Esq., by email to hmacdougald@CCEDlaw.com, and by first-class U.S. mail to Harry W. MacDougald, Esq., Caldwell, Carlson, Elliott & DeLoach, LLP, Two Ravinia Drive, Suite 1600, Atlanta, GA 30345, to Robert Destro via email at Robert.destro@protonmail.com, and to Charles Burnham via email at charles@burnhamgorokhov.com.

*Hamilton P. Fox, III*
_____
Hamilton P. Fox, III

# SUBPOENA

## BOARD ON PROFESSIONAL RESPONSIBILITY
## DISTRICT OF COLUMBIA COURT OF APPEALS

NOTICE: THIS SUBPOENA IS ISSUED IN CONNECTION WITH A CONFIDENTIAL INVESTIGATION UNDER THE RULES PROMULGATED BY THIS COURT GOVERNING THE BAR OF THE DISTRICT OF COLUMBIA.

BREACH OF THE CONFIDENTIALITY OF THE INVESTIGATION WILL BE DEEMED AS CONTEMPT OF THIS COURT OR GROUNDS FOR DISCIPLINE UNDER THE AFOREMENTIONED RULES OF THIS COURT. *(Consultation with an attorney does not constitute such a breach.)*

**IN THE MATTER OF:**

Clark/Disciplinary Counsel

DISCIPLINARY DOCKET NO. 2021-D193

TO: Jeffrey B. Clark, Esquire, 8850 Western Hemlock Way, Lorton, VA 22079

YOU ARE HEREBY COMMANDED TO APPEAR at 515 5th Street, N.W., Building A, Room 117, Washington, D.C., 20001, at 9:30 o'clock a.m., on the 14th day of March 2022, as a witness in the above captioned matter. You are directed to bring with you Please see attachment to subpoena for description of documents requested.

and not depart the above premises without leave from the authority before whom you appeared.

FAILURE OF ANY PERSON WITHOUT ADEQUATE EXCUSE TO OBEY THIS SUBPOENA AS SERVED MAY BE DEEMED CONTEMPT OF THE DISTRICT OF COLUMBIA COURT OF APPEALS RULES GOVERNING THE BAR.

☑ Production & delivery of these documents will eliminate the need for a personal appearance.

DATE SUBPOENA ISSUED: 02/28/2022

☑ If you have any questions regarding this subpoena, please call 202-638-1501.

Hamilton P. Fox, III, Disciplinary Counsel

*Hamilton P. Fox, III*

| RETURN ON THIS SUBPOENA IS REQUIRED ON OR BEFORE THIS DATE: | |
|---|---|
| ☑ I hereby certify that I have personally served, or have executed as shown in "REMARKS," the above subpoena on the individual at the address below. | |
| Name and Title of Individual Served: Jeffrey B. Clark | Address (If different than shown above) |
| ☐ I hereby certify that, after diligent investigation, I am unable to locate the individual, company, corporation, etc., named in above subpoena for the reason(s) as shown in "REMARKS." | |
| Date(s) of Endeavor | Date and Time of Service 2/28/2022 @ 2:03 PM |
| REMARKS | Signature and Title of Server *Investigative Attorney* |

## Super. Ct. Civ. R. 45(c) and (d)

(c) PROTECTING A PERSON SUBJECT TO A SUBPOENA; ENFORCEMENT.

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents, electronically stored information, or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the court must quash or modify a subpoena that:

(i) fails to allow reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 25 miles from where that person resides, is employed, or regularly transacts business in person—except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place to the place of trial;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(v) *When Permitted.* To protect a person subject to or affected by a subpoena, the court may, on motion, quash or modify the subpoena if it requires: disclosing a trade secret or other confidential research, development, or commercial information;

(vi) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(vii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 25 miles to attend trial.

(B) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

(d) DUTIES IN RESPONDING TO A SUBPOENA.

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation materials must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

## ATTACHMENT TO SUBPOENA

**Clark/Disciplinary Counsel**
**Disciplinary Docket No. 2021-D193**
**Date of Subpoena: February 28, 2022**
**Due date of Subpoena: March 14, 2022**

Produce all documents and records (stored in hard copy or electronically), of which you were aware before January 4, 2021, that contain evidence of irregularities in the 2020 presidential election and that may have affected the outcome in Georgia or any other state. The terms "documents" and "records" should be interpreted broadly to include all recorded materials, whether written or electronic, including statements or declarations of witnesses. Identify the source of any document (including contact information for any persons bringing the document to your attention), how it came to your attention, and the date that it came to your attention. With respect to any witness statements or declarations, provide contact information sufficient to locate the witness. Specify what information of election fraud came to your attention following the announcement of Attorney General Barr on December 1, 2020, that the Department had found no evidence of fraud on a scale that could have affected the results of the presidential election. Err on the side of disclosure; should you subsequently rely on any document that you have not produced, your failure to produce it may be construed against you.

Produce any file or collection of materials or correspondence, written or electronic, relating to any efforts that you made between the November 3, 2020, presidential election and January 4, 2021, that relate in any way to any efforts you made to persuade officials of the United States Department of Justice to intervene in the certification by any state, specifically including Georgia, of the results of that election. These materials should include any notes that you took or notes of others that you maintained of meetings or telephone calls relating to this subject. Again, you should err on the side of inclusion.

Attachment to Subpoena continues
Clark/Disciplinary Counsel
Page 2

Provide the results of any legal research that you conducted, had conducted, or received before January 4, 2021, that relate to the authority of the United States Department of Justice to intervene in the certification by any state of the results of a presidential election, including the circumstances under which the Department is authorized to intervene, the quantum of proof necessary for such an intervention, the officials within the Department whose responsibility it is to initiate such an intervention, and the form that such intervention should take. This information should include any research that addresses the responsibility of the Assistant Attorney General of the Civil Division or the Assistant Attorney General of the Environmental and Natural Resources Division to investigate allegations of election fraud.

Provide all written policies and guidelines of the Department of Justice, of which you were aware and that were in effect between November 3, 2020, and January 4, 2021, relating to the circumstances in which lawyers at the Department of Justice were permitted to be in direct contact with officials of the White House or the Executive Office of the President