IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| In the Matter of: | |
| JEFFREY B. CLARK, Respondent. | Case. No. 1:22-mc-00096-RC |
| | Judge Contreras |
| (A Member of the Bar of the District of Columbia Court of Appeals | |
| (Bar Registration No. 455315)) | On removal from the D.C. Court of Appeals' Board of Professional Responsibility |
| D.C. Board of Professional Responsibility | |
| Docket Nos. 22-BG-059 & 22-BD-039 Disciplinary Docket No. 2021-D193 | |

## MOTION TO STAY RESPONSE TO SUBPOENAS AND OTHER DEADLINES

Respondent respectfully moves the Court to stay the deadline for his response to a subpoena issued to him by the District of Columbia Office of Disciplinary Counsel, ***prior to the time this case was removed to federal court***. In support of this Motion, Mr. Clark shows the following:

1.    **Background.** Mr. Clark is the Respondent in the above-referenced disciplinary proceedings initiated by the District of Columbia's Office of Disciplinary Counsel ("ODC"). On October 17, 2022, Mr. Clark removed the disciplinary proceedings to this Court pursuant to 28 U.S.C. §§ 1331, 1441, 1442, 1446, and 1455 as set forth in his Notice of Removal. And pursuant to 28 U.S.C. § 1446(d), Mr. Clark gave prompt notice

of the removal of this action to the ODC and the D.C. Board of Professional Responsibility (an instrumentality of the District of Columbia Court of Appeals ("DCCA")), by filing a Notification of Removal to Federal Court with the Board and serving it upon ODC.[1]

2.    **Two Pending Subpoenas.** Prior to removal, ODC had served a subpoena upon Respondent on October 6, 2022 (the "Clark Subpoena"). See Dkt.# 1-54. The return date on the Subpoena is ***October 21, 2022—just three days away***. Note that Respondent pleaded service of the Clark Subpoena as an alternative basis for removal pursuant to 28 U.S.C. § 1442(b), which specifies that a subpoena served on a federal officer operates as a sufficient trigger for removal, even standing alone. *See* Notice of Removal, ¶¶ 12-13.

2a.    Indeed, one of the principal purposes of the federal officer removal statute, 28 U.S.C. § 1442, is to allow federal officers to remove subpoenas directed against them under subsection 1442(d), in order to allow the validity of such subpoenas to be ***tested in federal court***. And here, in order to allow the Court sufficient time to orient itself to the removal notice and procedural history of this case at the D.C. Bar level, it would seem prudent that the current return date for the subpoena directed at Mr. Clark be placed in abeyance until several threshold matters are first resolved. The most logical order of resolving certain key issues would be the following:

---

[1] Also, we will soon file a copy of the removal papers with the Clerk of the DCCA, or attempt to do so, even though likely the DCCA will likely decline such a filing and deem the filing of a copy with the Board to be sufficient.

(1) Resolution of the issue of *removal jurisdiction*, which would follow the filing of a motion filed to remand this case by opposing counsel. (ODC has told us to expect such a motion, perhaps as soon as before the end of this week, although it may carry a different title.)

(2) Resolution of the issue of *subject matter jurisdiction*, which would follow the filing by Respondent of a motion to dismiss this case for lack of subject matter jurisdiction, since subject matter jurisdiction is an issue that the Board refused even to address prior to a factual hearing.

(3) Resolution of the issue of whether the Charges filed against Respondent by ODC even *state a claim* for violation of the D.C. Rules of Professional Conduct, which would follow the filing of a Federal Rule of Civil Procedure 12(b)(6)-like motion by Respondent.

(4) *Establishment of a discovery plan*, including for *subpoenae duces tecum*, if and only if it has first been determined that (a) removal jurisdiction properly exists; (b) subject matter jurisdiction properly exists; and (c) the Charges state a legally cognizable claim that the ethics rules have been violated, pending summary judgment-like motions and/or trial, as appropriate.

**2b.**     Requiring response to a carry-over subpoena *so soon (i.e., only three days from now)*, where it was issued in connection with the Hearing Committee process that governed prior to removal may have been proper under District of Columbia local

procedures. But we would submit it is **not** proper, at this time, as a matter of typical federal court procedure and sequencing.

**2c.**     Thus, in order to preserve this Court's right to adjudicate this case according to federal procedure and sequencing, the current subpoena directed at Mr. Clark should be placed into abeyance, particularly so that the threshold jurisdictional matters can first be resolved. This may moot the need to respond to the subpoena, whereas by contrast, it would stand ordinary federal process on its head to require Respondent to respond to a local subpoena issued when the local body this case was removed from may not even have possessed jurisdiction over it in the first place.

**2d.**     Similarly, ODC has apparently served a subpoena on Douglas Smith (a Deputy Assistant Attorney General who reported to Respondent) for the production of documents ("Smith Subpoena"). *See* Dkt.# 1-56 (including proposed subpoena for Mr. Smith that ODC requested be issued by the Illinois Bar. Respondent has not been provided a copy of the actual subpoena served upon Mr. Smith). By agreement between Mr. Smith's Counsel and ODC, the return date for Mr. Smith's subpoena was extended to October 31, 2022. *See Id*. That subpoena response should similarly be placed into abeyance.

**3.**     **Other Preexisting Deadlines Set by the Hearing Committee.**  In addition, on October 12, 2022, the Chair of Hearing Committee Number Twelve entered a scheduling order setting various deadlines leading up to an evidentiary hearing

commencing January 9, 2023. *See* Dkt.# 1-55 (the "Scheduling Order").

**3a.**     Pursuant to 28 U.S.C. § 1446(d), once notice of removal is filed as to a civil action with the clerk of the "State court" and notice is given to adverse parties, "the State court shall proceed no further unless and until the case is remanded." 42 U.S.C. § 1446(d). As explained in the Notice of Removal, this case is a civil-criminal hybrid and, as such, it is in part a civil case. Thus, pursuant to principles of multi-statute harmonization Section 1446(d) should be held to place in abeyance any obligation to respond to the Clark Subpoena or the Smith Subpoena, or any action to enforce them, as well as the other deadlines set forth in the Scheduling Order. Instead, federal procedures and newly set deadlines pursuant to those federal procedures should eventually be set to govern these procedures.

**3b.**     Accordingly, in an abundance of caution and for the avoidance of doubt, Mr. Clark seeks an order specifically staying the deadlines to respond to the Clark Subpoena, the Smith Subpoena, and the other deadlines in the Scheduling Order, particularly until the Court has had an opportunity to determine the threshold question of whether the D.C. Board of Professional Responsibility ("Board") has subject matter jurisdiction over the conduct specified in the disciplinary charges. If, as Mr. Clark contends, there is no subject matter jurisdiction to bring the disciplinary charges, then there is necessarily no subject matter jurisdiction to issue the Subpoena. *See* C. Wright & A. Miller, *et al.*, 14C FED. PRAC. & PROC. JURIS. § 3726, *Removal of Particular Cases—Federal*

*Officers and Agencies* ("[T]he federal court must determine whether the state court from which the action was removed had subject-matter jurisdiction.")

4.    **Lack of Subject Matter Jurisdiction.**    And, lest there be any doubt, Respondent objects to the Subpoena on the grounds, among others, that the Board lacks subject matter jurisdiction over the conduct in question for the reasons set out in (1) the Notice of Removal; (2) the briefing in support of his Motion to Dismiss before the Board. *See* Dkt.#1-20 (Motion to Dismiss) and Dkt.#1-42 (Reply in Support of Motion to Dismiss); (3) the briefing on his Cross-Motion to Quash the investigative-stage subpoena, Dkt. # 1-67 and Dkt. # 1-69; and (4) his counsel's January 31, 2022 letter to ODC responding to the original investigative-stage subpoena, Dkt. #1-58.

4a.    As a matter of law, a federal court is required to resolve contested subject matter jurisdiction before conducting any proceedings on the merits. *See Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574 (1999) (threshold jurisdictional questions must be resolved before the merits); *Steel Co. v. Citizens for Better Env't*, 523 U. S. 83, 94-95 (1998) (requirement to establish subject matter jurisdiction as a threshold matter is "inflexible and without exception" and, for that reason, rejecting the doctrine of "hypothetical jurisdiction"); *see* also *UMC Dev. LLC v. District of Columbia*, 120 A.2d. 37, 42 (D.C. 2015) (standing is a matter posing "a threshold jurisdictional question which must be addressed prior to and independently of the merits of a party's claim.").

5.    **Conclusion.**  Therefore, Mr. Clark asks that the Court stay any obligation

to respond to the Clark Subpoena, the Smith Subpoena and the deadlines in the Hearing Committee Scheduling Order unless and until the Court has decided the Board has subject matter jurisdiction over the charged conduct. If the Court finds there is no subject matter jurisdiction, the subpoenas would be moot and no response would be required. If, on the other hand, the Court finds there is subject matter jurisdiction, Mr. Clark proposes that the issue of subpoenas be revisited as part of establishing a discovery plan.

6.    **Future Status Conference.**  As stated in the Notice of Removal, Mr. Clark intends to seek a status conference to help the Court set an orderly process for this. Based on a consultation an attorney for Respondent engaged in with Disciplinary Counsel Fox, ODC has indicated to Respondent that it intends to seek a remand of this case back to the Board, while Respondent intends to move to dismiss for lack of subject matter jurisdiction. Responses to subpoenas and other discovery and motion practice should be held in abeyance pending resolution of those two threshold issues.

7.    **Requested Relief.**  Wherefore, Mr. Clark respectfully prays that the Court enter an order holding in abeyance any obligation to respond to the pending Clark Subpoena and Smith Subpoena, or any other preestablished deadlines ordered by the Hearing Committee until the following issues are first resolved: (1) removal jurisdiction; (2) subject matter jurisdiction; (3) whether the Charges state a viable legal ethics claim; and (4) if and only if all of those hurdles are cleared, the establishment of a discovery plan.

8.      **Notice of Forthcoming Motion to Quash.**  Recognizing that the Court may

not be able to resolve this Motion before Friday morning, October 21, 2022, Respondent

also uses this Motion to inform ODC that Respondent will not be complying with the

subpoena until we are given a proper opportunity to have this Court review the legal

propriety of the subpoena. ODC has been on notice since January 31, 2022 that

Respondent through his counsel consider the subpoena improper in numerous respects

and that pursuant to Respondent's Fifth Amendment rights, ODC cannot compel

Respondent to waive those rights. (Note that the October 6, 2022 subpoena is

substantially similar to the investigative-stage subpoena ODC issued closer to the start of

this year.) Additionally, Respondent will file a motion to quash the October 6, 2022

subpoena, out of an abundance of caution, though it will refrain from doing so if the

Court has first placed the Clark Subpoena into abeyance.

Respectfully submitted, this 18th day of October 2022.

Burnham and Gorokhov, PLLC


/s/ Charles Burnham
Charles Burnham
DC Bar No. 1003464
Burnham and Gorokhov, PLLC
1424 K Street, NW
Suite 500
Washington DC 20005
(202) 386-6920
charles@burnhamgorokhov.com

## CERTIFICATE OF SERVICE

I hereby certify that I have on this day served counsel for the opposing party with a copy of this Motion to Stay Response to Subpoena by email through the Court's electronic filing system and by email addressed to:

> Hamilton P. Fox
> foxp@dcodc.org
> Jason R. Horrell
> horrellj@dcodc.org
> D.C. Bar
> Building A, Room 117
> 515 5th Street NW
> Washington DC 20001
> foxp@dcodc.org

This 18 day of October, 2022.

> */s/ Charles Burnham*
> Charles Burnham
> DC Bar No. 1003464
> Burnham and Gorokhov, PLLC
> 1424 K Street, NW
> Suite 500
> Washington DC 20005
> (202) 386-6920
> charles@burnhamgorokhov.com