# EXHIBIT 2

**From:** [Phil Fox](#)
**To:** [Angela Thornton](#)
**Subject:** FW: BLTR with attachments.pdf
**Date:** Monday, October 18, 2021 2:39:29 PM
**Attachments:** [BLTR with attachments.pdf](#)

Forgot to copy you

**From:** Phil Fox
**Sent:** Monday, October 18, 2021 2:38 PM
**To:** 'rdriscoll@mcglinchey.com' <rdriscoll@mcglinchey.com>
**Subject:** BLTR with attachments.pdf

As discussed.



# OFFICE OF DISCIPLINARY COUNSEL

October 18, 2021

Hamilton P. Fox, III
*Disciplinary Counsel*

Julia L. Porter
*Deputy Disciplinary Counsel*

*Senior Assistant Disciplinary Counsel*
Myles V. Lynk
Becky Neal

*Assistant Disciplinary Counsel*
Hendrik deBoer
Jerri U. Dunston
Dru Foster
Jason R. Horrell
Ebtehaj Kalantar
Jelani C. Lowery
Sean P. O'Brien
Joseph C. Perry
William R. Ross
Caroll Donayre Somoza
Traci M. Tait

*Senior Staff Attorney*
Lawrence K. Bloom

*Staff Attorney*
Angela Walker

*Manager, Forensic Investigations*
Charles M. Anderson

*Investigative Attorney*
Azadeh Matinpour

*Intake Investigator*
Melissa Rolffot

**CONFIDENTIAL**

Jeffrey B. Clark, Esquire
c/o Robert N. Driscoll, Esquire
1275 Pennsylvania Avenue, N.W.
Suite 420
Washington, D.C.  20004

Via email to rdriscoll@mcglinchey.com

> Re:  Clark/Disciplinary Counsel
> Disciplinary Docket No. 2020-D193
> ***Please respond by: November 8, 2021***

Dear Mr. Clark:

  The enclosed material contains allegations about your conduct that requires Disciplinary Counsel to obtain information pursuant to D.C. Bar Rule XI, § 8.  You should particularly address the factual and legal basis to support your draft letter dated December 28, 2020, addressed to Georgia officials.  This letter is Key Document H in the accompanying materials from the Senate Judiciary Committee.

  Please identify and provide all evidence in your possession as of December 28, 2020 (aside from the reports and the newspaper article specifically referred to in the draft letter) to support the claim that the Department of Justice was "investigating various irregularities in the 2020 election" and that the Department had "identified significant concerns that may have impacted the outcome of the election in multiple States, including the State of Georgia."  If you are aware of any witnesses to support these claims, please identify them as well.  For example, your cover email to Messrs. Rosen and Donoghue, also dated December 28, 2020, refers to "sworn evidence of election irregularities presented to courts and to legislative committees . . . ."  Please identify and provide copies of that "sworn evidence."

  The draft letter also expresses a belief by the Department of Justice that "in Georgia and several other States, both a slate of electors supporting Joseph R. Biden, Jr., and a separate slate of electors supporting Donald J. Trump, gathered on that day [December 14, 2020] at the proper location to cast their ballots, and that both sets of those ballots have been transmitted to Washington, D.C., to be opened by Vice President Pence."  Please identify and produce all evidence including names of witnesses that support that statement.

Jeffrey B. Clark, Esquire
c/o Robert N. Driscoll, Esquire
Clark/Disciplinary Counsel
Disciplinary Docket No. 2021-D193
Page 2

      The draft letter also asserts that the Department recommends that the Georgia General Assembly should convene in special session. Please identify the legal authority for the Department to make that recommendation.

      In a responding email, also dated December 28, 2020, on which Mr. Rosen was copied, Mr. Donoghue wrote that he was unaware of any investigations being conducted by the Department that would impact the outcome of the Presidential Election. He also said that there was no support for the statement in your draft letter that the Department had "identified significant concerns that may have impacted the outcome of the election in multiple states" or that "the election in any individual states was so defective as to render the results fundamentally unreliable." Key Document I. The interim staff report of the Senate Committee on the Judiciary, "Subverting Justice," issued October 7, 2021(the "Report"), reports that after December 29, 2020, you stated that you conducted certain "due diligence" on election fraud claims and obtained a classified briefing from the Director of National Intelligence. Please identify and produce any evidence and identify any witnesses whom you spoke with or learned about between December 28, 2020, and January 4, 2021 relating to election fraud claims. The Report also says that Mr. Rosen recommended that you speak with the United States Attorney for the Northern District of Georgia, Byung Jin Pak, on this subject. Did you speak to Mr. Pak (or any other federal law enforcement official knowledgeably about election fraud in Georgia) and what did you learn? Please identify any such other law enforcement official and identify and produce any evidence that you obtained during that time period. If you did not speak with Mr. Pak (or any other federal law enforcement official knowledgeable about election fraud in Georgia) during the December 28, 2020, to January 4, 2021 time period, please explain why not.

      The Report also says that on January 2 and 3, 2021, you met with Messrs. Rosen and Donoghue and urged them again to send the draft letter dated December 28, 2020. Please identify and produce any evidence that you discovered between December 28, 2020, and January 4, 2021 and identify any witnesses with whom you spoke or learned about during that period that supported the existence of election fraud in Georgia, or any other state, that could have affected the outcome of the presidential election.

      You are obviously free and encouraged to address any other issues that you wish, arising from the Report or otherwise. This Office's principal concern at this time is whether your conduct violated D.C. Rules of Professional Conduct 8.4(a), (c), and (d,), an attempt to engage in conduct involving dishonesty, fraud, deceit, or misrepresentation or an attempt to engage in conduct that seriously interfered with the administration of justice. We are particularly concerned with your conduct after Mr. Rosen's and Mr. Donoghue's initial determination on December 28, 2020, not to send your draft letter because it lacked evidentiary support. What additional evidence did you learn after that initial determination was made? That is not to say that our concern is restricted to

Jeffrey B. Clark, Esquire
c/o Robert N. Driscoll, Esquire
Clark/Disciplinary Counsel
Disciplinary Docket No. 2021-D193
Page 3

these potential violations. It is frequently the case in our investigations that additional violations are identified as the evidence develops.

      We have imposed a deadline of November 8, 2021, on the response to this letter and to the enclosed subpoena. While I recognize that this is tight, it is my understanding that because of parallel Congressional investigations, this matter is not unfamiliar to you. We intend to resolve this investigation promptly.

      This matter is confidential at this stage except for necessary disclosures in the course of our investigation. A necessary disclosure includes sending a copy of your response to the complainant for comment. You, however, have the right to make the information public, and of course, consult with counsel.

      Please be aware that the District of Columbia Court of Appeals has approved discipline based in part on a violation of Rule 8.4(d) of the D.C. Rules of Professional Conduct (conduct that seriously interferes with the administration of justice) where the attorney failed to comply with Disciplinary Counsel's request for information. Moreover, your cooperation will contribute to the resolution of this matter in a manner which safeguards the rights of the public and protects attorneys from unfounded complaints.

      We have enclosed information regarding the District of Columbia Bar's Office of Regulation Counsel, which endeavors to assist attorneys with practice and personal-related issues. If you believe that you could benefit from the Bar's programs, they are available to you, separate and apart from this office's investigation.

                                              Sincerely yours,

                                              *Hamilton P. Fox, III*
                                              Hamilton P. Fox, III
                                              Disciplinary Counsel

Enclosures:   Copy of complaint dated October 7, 2021
                      Subpoena *Duces Tecum* and attachment to Subpoena
                      District of Columbia Bar's Office of Regulation Counsel Information

HPF:act

# S U B P O E N A

## BOARD ON PROFESSIONAL RESPONSIBILITY
## DISTRICT OF COLUMBIA COURT OF APPEALS

**NOTICE: THIS SUBPOENA IS ISSUED IN CONNECTION WITH A CONFIDENTIAL INVESTIGATION UNDER THE RULES PROMULGATED BY THIS COURT GOVERNING THE BAR OF THE DISTRICT OF COLUMBIA.**

**BREACH OF THE CONFIDENTIALITY OF THE INVESTIGATION WILL BE DEEMED AS CONTEMPT OF THIS COURT OR GROUNDS FOR DISCIPLINE UNDER THE AFOREMENTIONED RULES OF THIS COURT.**
*(Consultation with an attorney does not constitute such a breach.)*

*In the Matter of:*

DISCIPLINARY DOCKET NO. _____

TO: _____

YOU ARE HEREBY COMMANDED TO APPEAR at 515 5th Street, N.W., Building A, Room 117, Washington, D.C., 20001, at _____ o'clock _____, on the _____ day of _____, as a witness in the above captioned matter. You are directed to bring with you _____

_____

and not depart the above premises without leave from the authority before whom you appeared.

FAILURE OF ANY PERSON WITHOUT ADEQUATE EXCUSE TO OBEY THIS SUBPOENA AS SERVED MAY BE DEEMED CONTEMPT OF THE DISTRICT OF COLUMBIA COURT OF APPEALS RULES GOVERNING THE BAR.

☐ Production & delivery of these documents will eliminate the need for a personal appearance.

Date Subpoena issued: _____

☐ If you have any questions regarding this subpoena, please call 202-638-1501.

| **RETURN ON THIS SUBPOENA IS REQUIRED ON OR BEFORE THIS DATE:** | |
|---|---|
| ☐ I hereby certify that I have personally served, or have executed as shown in "REMARKS," the above subpoena on the individual at the address below. | |
| Name and Title of Individual Served | Address (If different than shown above) |
| ☐ I hereby certify that, after diligent investigation, I am unable to locate the individual, company, corporation, etc., named in above subpoena for the reason(s) as shown in "REMARKS." | |
| Date(s) of Endeavor | Date and Time of Service |
| REMARKS | Signature and Title of Server |

## Super. Ct. Civ. R. 45(c) and (d)

(c) PROTECTING A PERSON SUBJECT TO A SUBPOENA; ENFORCEMENT.

  (1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  (2) *Command to Produce Materials or Permit Inspection.*

    (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for deposition, hearing, or trial.

    (B) *Objections.* A person commanded to produce documents, electronically stored information, or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If objection is made, the following rules apply:

      (i) At any time, on notice to the commanded person, the serving party may move the court for an order compelling production or inspection.

      (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  (3) *Quashing or Modifying a Subpoena.*

    (A) *When Required.* On timely motion, the court must quash or modify a subpoena that:

      (i) fails to allow reasonable time to comply;

      (ii) requires a person who is neither a party nor a party's officer to travel more than 25 miles from where that person resides, is employed, or regularly transacts business in person—except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place to the place of trial;

      (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

      (iv) subjects a person to undue burden.

      (v) *When Permitted.* To protect a person subject to or affected by a subpoena, the court may, on motion, quash or modify the subpoena if it requires: disclosing a trade secret or other confidential research, development, or commercial information;

      (vi) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

      (vii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 25 miles to attend trial.

    (B) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

      (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

      (ii) ensures that the subpoenaed person will be reasonably compensated.

(d) DUTIES IN RESPONDING TO A SUBPOENA.

  (1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

    (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

    (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

    (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

    (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  (2) *Claiming Privilege or Protection.*

    (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation materials must:

      (i) expressly make the claim; and

      (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

    (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

# ATTACHMENT TO SUBPOENA

**Clark/Disciplinary Counsel**
**Disciplinary Docket No. 2021-D193**
**Date of Subpoena:  October 18, 2021**
**Due date of Subpoena:  November 5, 2021**

Produce all documents and records (stored in hard copy or electronically), of which you were aware before January 4, 2021, that contain evidence of irregularities in the 2020 presidential election and that may have affected the outcome in Georgia or any other state.  The terms "documents" and "records" should be interpreted broadly to include all recorded materials, whether written or electronic, including statements or declarations of witnesses.  Identify the source of any document (including contact information for any persons bringing the document to your attention), how it came to your attention, and the date that it came to your attention.  With respect to any witness statements or declarations, provide contact information sufficient to locate the witness.  Specify what information of election fraud came to your attention following the announcement of Attorney General Barr on December 1, 2020, that the Department had found no evidence of fraud on a scale that could have affected the results of the presidential election.  Err on the side of disclosure; should you subsequently rely on any document that you have not produced, your failure to produce it may be construed against you.

Produce any file or collection of materials or correspondence, written or electronic, relating to any efforts that you made between the November 3, 2020, presidential election and January 4, 2021, that relate in any way to any efforts you made to persuade officials of the United States Department of Justice to intervene in the certification by any state, specifically including Georgia, of the results of that election.  These materials should include any notes that you took or notes of others that you maintained of meetings or telephone calls relating to this subject.  Again, you should err on the side of inclusion.

Attachment to Subpoena continues
Clark/Disciplinary Counsel
Page 2

      Provide the results of any legal research that you conducted, had conducted, or received before January 4, 2021, that relate to the authority of the United States Department of Justice to intervene in the certification by any state of the results of a presidential election, including the circumstances under which the Department is authorized to intervene, the quantum of proof necessary for such an intervention, the officials within the Department whose responsibility it is to initiate such an intervention, and the form that such intervention should take.  This information should include any research that addresses the responsibility of the Assistant Attorney General of the Civil Division or the Assistant Attorney General of the Environmental and Natural Resources Division to investigate allegations of election fraud.

      Provide all written policies and guidelines of the Department of Justice, of which you were aware and that were in effect between November 3, 2020, and January 4, 2021, relating to the circumstances in which lawyers at the Department of Justice were permitted to be in direct contact with officials of the White House or the Executive Office of the President