IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

IN RE: JEFFREY B. CLARK,

    A member of the Bar of the District of
Columbia Court of Appeals (Bar No.
455315)

Case No.

1:22-mc-00096-RC

## SUPPLEMENT TO MOTION TO QUASH

Respondent files this Supplement to his Motion to Quash in order to bring certain new developments to the attention of the Court in a fashion that gives the Office of Disciplinary Counsel ("ODC") a fair opportunity to respond.

*First*, since the Motion to Quash Dkt. # 4, was filed, the return date for the subpoena to Respondent passed on October 21, 2022. Respondent responded to the subpoena with the letter attached hereto as Exhibit A. In that letter Respondent noted that the subpoena here in question (Dkt. # 1-54) by its own terms was an investigative subpoena, and that the D.C. Court of Appeals, in its September 15, 2022, Order (Dkt. # 1-45), held that "because disciplinary proceedings have been initiated the pending subpoena issued pursuant to D.C. Bar R. XI, § 18(b) no longer applies. D.C. Bar R. XI, § 18(a) provides that once formal disciplinary proceedings are initiated the subpoena to compel attendance and production of documents may be issued by either Disciplinary Counsel or a member of the Hearing Committee." *Id*. at p. 2. The D.C. Court of Appeals then denied the motion to enforce as moot. *Id*. The subpoena in question on the instant Motion to Quash was issued under the same rule, which, according to the D.C. Court Appeals, no longer applies. Therefore, the subpoena is invalid on that additional ground.

*Second*, on October 25, 2022, we obtained a copy of the subpoena issued to Mr. Smith and attach it hereto as Exh. B for the sake of completeness. It is also appears to be an investigative stage subpoena in that it refers to "a certain investigation now being conducted by said Special

Counsel relating to Jeffrey B. Clark" and thus falls under the same ruling from the D.C. Court of Appeals quoted above and on that basis should be declared null and of no effect as well.

***Third***, on October 26, 2022, ODC filed a Motion to Enforce the subpoena to Mr. Clark in the D.C. Court of Appeals. A copy is attached hereto as Exhibit C. This is remarkable in that 28 U.S.C. § 1446(d) provides that once notice of removal is filed as to a civil action with the clerk of the "State court" and notice is given to adverse parties "the State court shall proceed no further unless and until the case is remanded." The case has not yet been remanded.

The statute clearly prohibits ODC's Motion to Enforce in the D.C. Court of Appeals, and prohibits any action by that Court on the motion unless and until the case is remanded. As the Supreme Court has explained:

> Once a notice of removal is filed, "the State court shall proceed no further unless and until the case is remanded." 28 U. S. C. § 1446(d).[2] The state court "los[es] all jurisdiction over the case, and, being without jurisdiction, its subsequent proceedings and judgment [are] not ... simply erroneous, but absolutely void." *Kern v. Huidekoper*, 103 U.S. 485, 493, 26 L.Ed. 354 (1881). "Every order thereafter made in that court [is] *coram non judice*," meaning "not before a judge." *Steamship Co.* v. *Tugman*, 106 U.S. 118, 122, 1 S.Ct. 58, 27 L.Ed. 87 (1882); Black's Law Dictionary 426 (11th ed. 2019). *See also* 14C C. Wright, A. Miller, E. Cooper, J. Steinman, & M. Kane, Federal Practice and Procedure § 3736, pp. 727–729 (2018).
>
> The Court of First Instance issued its payment and seizure orders after the proceeding was removed to federal district court, but before the federal court remanded the proceeding back to the Puerto Rico court. At that time, the Court of First Instance had no jurisdiction over the proceeding. The orders are therefore void.

*Roman Cath. Archdiocese of San Juan, Puerto Rico v. Acevedo Feliciano*, 140 S. Ct. 696, 700, 206 L. Ed. 2d 1 (2020).[1]

---

[1] *See also In re Diet Drugs*, 282 F.3d 220 (3d Cir. 2002) (proper filing of a notice of removal immediately strips a state court of its jurisdiction; even if a case is later remanded, it is under the sole jurisdiction of the federal court from the time of filing until the court remands it back to state court); *E. D. Sys. Corp. v Southwestern Bell Tel. Co*. 674 F2d 453 (5th Cir. 1982) (removal ended power of state court to act and jurisdiction of state court over said proceeds had not been restored

ODC's Motion to Enforce before the D.C. Court Appeals notes that the case has been removed and

not yet remanded, but never mentions Section 1446 at all, much less that "the State court shall

proceed no further unless and until the case is remanded." In the Notice of Removal, Respondent

anticipated defiance of Section 1446(d), and advised that

> Respondent will promptly notify the Court if the DCCA or any of its adjuncts attempt
> to proceed to the contrary. Any such action would run flatly contrary to the intent of
> the federal-officer removal statute ….

Dkt. # 1, p. 34, ¶ 79. Respondent is doing so in this Supplement.[2]

ODC's motion to enforce in the D.C Court of Appeals before this case has been remanded

is both improper and a null act, and the Court should enter appropriate relief consistent with

Section 1446(d), such as ordering ODC to withdraw the motion, or quashing or staying the

subpoena pending disposition of the motion to remand, and directing ODC to notify the D.C. Court

of Appeals of the order. Any such order would bind ODC and preserve this Court's jurisdiction

---

by federal court); *Otway v New York*, 818 F Supp 659 (S.D.N.Y. 1993) (on filing of petition for
removal of case to federal court, jurisdiction over subject matter rested solely in federal courts and
could be restored to state court only by order of remand); *Heniford v American Motors Sales Corp.*
471 F. Supp. 328 (D.S.C. 1979) (once clerk of court in state court files removal papers, removal
of case to district court is effected under 28 U.S.C.A. § 1446; at that time, state jurisdiction ends
and any further action in state court is void).

[2] The Notice of Removal also noted that this case is a civil-criminal hybrid and that 28 U.S.C. §
1455 provides a different rule of what the state court (here the "deemed-state court") can do
pending remand than the rule expressed in Section 1446(d), but that the only way to harmonize
the two statutes in a hybrid civil-criminal situation was to credit Section 1446(d) over Section
1455(b)(3). *See* Dkt. # 1 at ¶¶ 75-79. However, neither Disciplinary Counsel's Motion to Remand
(Dkt. # 5), nor his Motion to Enforce filed in the D.C. Court of Appeals (Exh. C herein) even
mentions Section 1455, and hence any ability to rely on that statute to try to conduct proceedings
back in the D.C. Court of Appeals pending a potential remand has been waived/forfeited by ODC.
Moreover, in the Motion to Remand, ODC states as follows: "So, if they must be classified as civil
or criminal, disciplinary proceedings, like any licensing proceeding, ***would fall on the civil side***."
Dkt. # 12 at ¶ 5 (emphasis added) (with ODC immediately following up this sentence with a
citation to a subsection (b) of Section 1446, thereby affirmatively conceding that Section 1446
(including its subsection (d)), which voids actions taken prior to a remand order, applies here).

pending disposition of the motion to remand.


Respectfully submitted this 28th day of October 2022.

/s/ *Charles Burnham*　　　　　　　　　　/s/ *Harry W. MacDougald*
Charles Burnham　　　　　　　　　　　　Harry W. MacDougald
DC Bar No. 1003464　　　　　　　　　　Georgia Bar No. 463076
Burnham and Gorokhov, PLLC　　　　　Caldwell, Carlson, Elliott & DeLoach LLP
1424 K Street, NW　　　　　　　　　　Two Ravinia Drive, Suite 1600
Suite 500　　　　　　　　　　　　　　　Atlanta, Georgia 30346
Washington DC 20005　　　　　　　　　(404) 843-1956
(202) 386-6920　　　　　　　　　　　　hmacdougald@ccedlaw.com
charles@burnhamgorokhov.com　　　　*Admitted Pro Hac Vice*

## CERTIFICATE OF SERVICE

I hereby certify that I have on this day served counsel for the opposing party with a copy of this *Supplement to Motion to Quash* by filing with the Court's electronic filing system and by email addressed to:

> Hamilton P. Fox, Esq.
> Jason P. Horrell, Esq.
> Office of Disciplinary Counsel
> Building A, Room 117
> 515 5th Street NW
> Washington DC 20001
> foxp@dcodc.org
> horrellj@dcodc.org
>
> David A. O'Neil
> Debevoise & Plimpton LLP
> 801 Pennsylvania Avenue N.W.
> Washington, D.C.  20004
> daoneil@debevoise.com
>
> *Counsel for David G. Smith*
>
> This 28th day of October 2022.

/s/ *Charles Burnham*
Charles Burnham
DC Bar No. 1003464

Burnham and Gorokhov, PLLC
1424 K Street, NW
Suite 500
Washington DC 20005
(202) 386-6920
charles@burnhamgorokhov.com