DCCA NO. 22-BG-0059

DISTRICT OF COLUMBIA

COURT OF APPEALS

| | |
|---|---|
| **In the Matter of** | |
| **JEFFREY B. CLARK, ESQ.** | Disciplinary Docket |
| Respondent, | No. 2021-D193 |
| A Member of the Bar of the District of Columbia Court of Appeals | Board Docket No. 22-BD-039 |

**RESPONSE TO MOTION TO ENFORCE**

Jeffrey B. Clark, Respondent in the above-entitled matter, hereby responds to Disciplinary Counsel's Motion to Enforce *Subpoena Duces Tecum*.

**1.** This Bar disciplinary case, *including* the subpoena here at issue, was removed to the U.S. District Court for the District of Columbia on October 17, 2022. 28 U.S.C. § 1446(d) provides that once notice of removal is filed as to a civil action with the clerk of the "State court" and notice is given to adverse parties, "the State court shall proceed no further unless and until the case is remanded."[1] The case has

---

[1] As the Court is aware, we argue that 28 U.S.C. § 530B does not confer power on the District to regulate U.S. Department of Justice lawyers because it refers only to such regulation by "States" and includes no definitional provision to the effect that the District is to be deemed a "State" for purposes of DOJ lawyer regulation. By contrast, 28 U.S.C. § 1442(d)(5) (part of the federal officer removal statute, which

not yet been remanded. Briefing on ODC's Motion in Federal Court to remand is not even complete and it is even possible oral argument will be held on that motion.

This statute clearly prohibits ODC's Motion to Enforce, and prohibits any action by this Court on the motion unless and until the case is remanded. As the U.S. Supreme Court has explained:

> Once a notice of removal is filed, "the State court shall proceed no further unless and until the case is remanded." 28 U. S. C. § 1446(d). The state court "los[es] all jurisdiction over the case, and, being without jurisdiction, its subsequent proceedings and judgment [are] not ... simply erroneous, but absolutely void." *Kern v. Huidekoper*, 103 U.S. 485, 493 (1881). "Every order thereafter made in that court [is] *coram non judice*," meaning "not before a judge." *Steamship Co.* v. *Tugman*, 106 U.S. 118, 122 (1882); Black's Law Dictionary 426 (11th ed. 2019). *See also* 14C C. Wright, A. Miller, E. Cooper, J. Steinman, & M. Kane, Federal Practice and Procedure § 3736, pp. 727–729 (2018).
>
> The Court of First Instance issued its payment and seizure orders after the proceeding was removed to federal district court, but before the federal court remanded the proceeding back to the Puerto Rico court. At that time, the Court of First Instance had no jurisdiction over the proceeding. The orders are therefore void.

*Roman Cath. Archdiocese of San Juan, Puerto Rico v. Acevedo Feliciano*, 140 S. Ct. 696, 700, 206 L. Ed. 2d 1 (2020).[2]

---

was the principal basis on which the removal here was grounded) ***does define*** a "State" to "include[]" the District of Columbia. For that reason, in the Notice of Removal, we referred to the District as a "Deemed-State Court."

[2] *See also In re Diet Drugs*, 282 F.3d 220 (3d Cir. 2002) (proper filing of a notice of removal immediately strips a state court of its jurisdiction; even if a case is later

ODC's Motion to Enforce notes that the case has been removed and not yet remanded, but never mentions Section 1446 at all, much less acknowledges that "the State court shall proceed no further unless and until the case is remanded."

ODC's motion to enforce in this Court before the case has been remanded is improper and should be dismissed for lack of jurisdiction consistent with Section 1446(d) and *Roman Catholic Archdiocese of San Juan.*

**2.** To be clear, Respondent has maintained in federal court that ODC's Charges embody a hybrid civil-criminal case, not exclusively a civil one. And removal of a case that exclusively criminal bars the court from proceeding further in a more complex fashion than how Section 1446(d) flatly prohibits action in this Court as to civil actions that are removed. Specifically, the power of this Court to proceed further as to a criminal matter depends on whether the federal court removed to has yet determined whether the removal is proper. Prior to that determination, when all that has occurred is the filing of the notice of removal: "The filing of a notice of removal of a criminal prosecution shall not prevent the State court in which such prosecution is pending from proceeding further, except that a judgment of conviction shall not

---

remanded, it is under the sole jurisdiction of the federal court from the time of filing until the court remands it back to state court); *E. D. Sys. Corp. v Southwestern Bell Tel. Co.* 674 F2d 453 (5th Cir. 1982) (removal ended power of state court to act and jurisdiction of state court over said proceeds had not been restored by federal court); *Otway v New York*, 818 F. Supp. 659 (S.D.N.Y. 1993) (on filing of petition for removal of case to federal court, jurisdiction over subject matter rested solely in federal courts and could be restored to state court only by order of remand).

be entered unless the prosecution is first remanded." 28 U.S.C. § 1455(b)(3). However, once the federal court removed to has determined that the criminal removal is proper, then the prohibition on action by this Court comes into play in a fashion that fully aligns with Section 1446(d). *See* 28 U.S.C. § 1455(b)(5) ("If the United States district court determines that removal shall be permitted, it shall so notify the State court in which prosecution is pending, which shall proceed no further.").

Even in light of this additional complexity, enforcing the defective subpoena (even at this relatively early juncture) is still improper for the following reasons:

**(a)** ODC cannot make a clean-hands attempt to claim that Section 1455(b)(3) applies, ***first***, because ODC has told the federal court that the Charges are neither criminal nor civil (which is incorrect under at least two Supreme Court cases, *see Mesa v. California*, 489 U.S. 121, 133 (1989) ("the removal statute '***is broad enough to cover <u>all cases</u>*** where federal officers can raise a ***colorable defense arising out of their duty to enforce federal law***.... In fact, one of the most important reasons for removal is to have the validity of the defense of official immunity tried in a federal court.' [*Willingham v. Morgan*,] 395 U.S. [402,] 406-407 [(1969)].") (emphasis added). ***Second***, ODC has said that it reads this Court's characterization of attorney discipline cases in *In re Artis,* 883 A.2d 85, 101 (D.C. 2005), as "quasi-criminal" to mean that they are "not criminal." ODC Motion to Remand at ¶ 11 (Exh.

4

1). This makes no sense, as the plain import of *In re Artis* is that attorney discipline cases are a civil-criminal hybrid governed by (*i*) the Fifth Amendment's testimonial privilege for defendants, (ii) a clear-and-convincing evidence standard falling midway in between the civil preponderance and criminal beyond-a-reasonable doubt standard, and (iii) a blend of civil and criminal procedural rules. Relatedly, ODC argues in the alternative that if attorney discipline cases must be classified as either criminal or civil cases, they are civil in nature. "So, if they must be classified as civil or criminal, disciplinary proceedings, like any licensing proceeding, would fall on the civil side." *Id.* at ¶ 12 (Exh. 1). And if ODC is held to that argument in the alternative, the rule of Section 1446(d) plainly applies to bar a motion in this Court to enforce the subpoena unless and until a remand from the federal court occurs. Thus, ODC's primary argument that attorney discipline cases are neither criminal nor civil fails as conflicting with Supreme Court precedent and its fallback argument that attorney discipline cases are civil brings it smack up against Section 1446(d)'s ban on the Motion to Enforce it has filed post-removal.

**(b)** Moreover, because this case is a civil-criminal hybrid, the rule in Section 1455 concerning what the court from which a criminal case is removed can do must be harmonized with the rule in Section 1446 concerning what the court from which a civil case is removed from can do. As Respondent explained in the Notice of Removal, the only way to harmonize Sections 1446 and 1455 is to apply the more

restrictive rule of Section 1446, under which the filing of a notice of removal terminates the ability of the court removed from to take any action pending removal. *See* Notice of Removal at ¶¶ 75-79;³ *see especially* ¶ 78 ("The only way to harmonize those two statutes, both of which apply to this removal, is for the State Court—here the Deemed-State Court (i.e., the DCCA and its adjuncts) to be precluded from proceeding further with the matter "unless and until the case is remanded." *See, e.g., United States v. Fausto*, 484 U.S. 439, 453 (1988) ('we must engage in the classic judicial task of reconciling many laws enacted over time, and getting them to make sense in combination') (cleaned up)."

**(c)** Also, at no point in its Motion to Remand in federal court, did ODC even cite Section 1455, providing another reason why ODC cannot now rely on it here to secure enforcement of the subpoena. Finally, once the United States District Court rules on and accepts that the removal was proper as a quasi-criminal case, the rules of Section 1455(b)(5) and Section 1446(d) fully harmonize as a textual matter to preclude the court from which the Charges were removed (*i.e.,* this Court and its adjuncts below—the Board and Hearing Committee Twelve) from taking any further action pending a remand. *Compare* 28 U.S.C. 1446(d) ("the State court shall proceed

---

³ The Notice of Removal sometimes mistakenly refers to 28 U.S.C. removal provisions as 42 U.S.C. provisions. That error has not prejudiced ODC as it knows full well that the removal provisions in 28 U.S.C. are what were being cited in the Notice of Removal.

no further unless and until the case is remanded") *with* 28 U.S.C. 1455(b)(5) ("If the United States district court determines that removal shall be permitted, it shall so notify the State court in which prosecution is pending, which shall proceed no further."). As a result, unless and until the federal court determines the propriety of the removal (even as to the sense in which bar discipline is a criminal/quasi-criminal matter), it makes sense for this Court to wait and not order compliance with the subpoena because the eventual bar of Section 1455(b)(5) on further action, once the removal is declared proper here, is entirely foreseeable. This is especially true where the propriety of the original motion to enforce the investigative-stage subpoena in this case was mooted by ODC's voluntary action to file the Charges. *See* DCCA Order at 2 (September 15, 2022). That original motion was fully briefed by March of 2022 and all that ODC needed to do was await the ruling of the Court on that motion. Instead, it triggered the events that led to the removal by filing the Charges and a second subpoena.

**3.** Should the Court nevertheless entertain the Motion, Respondent respectfully incorporates herein by reference the arguments he previously made in his briefing in response to Disciplinary Counsel's Motion to Enforce and in support of his cross-motion to quash—except arguments going to sufficiency of service of the prior subpoena, since service of the instant subpoena was accepted by agreement. *See* Respondent's filings in this Court from February 15, 2022 (Response and Cross-

Motion to Quash) and March 10, 2022 (Reply in Support of Cross-Motion to Quash).

If the Court intends to entertain the motion, there is an additional relevant argument. In its Order of September 15, 2022, this Court did not pass on the merits of any of Respondent's arguments about the subpoena or ODC's jurisdiction over the conduct then under investigation (and now the subject of charges). Instead, the Court denied ODC's Motion to Enforce as moot: "[B]ecause disciplinary proceedings have been initiated the pending subpoena issued pursuant to D.C. Bar R. XI, § 18(b) no longer applies."

The subpoena that ODC now seeks to enforce was issued under the same rule. The caption to the subpoena states as follows:

> NOTICE: THIS SUBPOENA IS ISSUED IN CONNECTION WITH A **CONFIDENTIAL INVESTIGATION UNDER THE RULES PROMULGATED BY THIS COURT** GOVERNING THE BAR OF THE DISTRICT OF COLUMBIA.
>
> BREACH OF THE CONFIDENTIALITY OF THE INVESTIGATION WILL BE DEEMED AS CONTEMPT OF THIS COURT OR GROUNDS FOR DISCIPLINE UNDER THE AFOREMENTIONED RULES OF THIS COURT.

(Emphasis added). The subpoena does not explicitly identify the rule under which it was issued, but the language stating that it is a "confidential investigation under the rules promulgated by this Court" brands it is an investigative-stage subpoena under D.C. Bar R. XI, § 18(b)—the only rule that specifically requires such a legend:

> (b) Subpoenas Issued During Investigations. A subpoena issued during the course of an investigation *shall clearly state on its face that it is*

8

***issued in connection with a confidential investigation under this rule***. (Emphasis added).

Applying the holding and mandate of this Court's September 15, 2022 Order, the subpoena in question here cannot be enforced any more than the prior subpoena could be enforced. D.C. Bar R. XI, § 18(b) "no longer applies" because the Charges have been filed. Therefore, if the merits are considered, the Motion to Enforce should be denied.

ODC's response to this argument is as follows:

> That the subpoena form Disciplinary Counsel used is the same as it uses during investigations is of not [sic] import. ***Regardless of the form***, the subpoena functions as a lawfully issued command to Respondent to produce documents, to which he must comply.

Motion to Enforce, p. 8 (emphasis added). ODC thus admits that it used the form of an investigative subpoena, but claims the form does not matter. But ODC's contention that the form does not matter is contradicted by D.C. Bar R. XI, § 18(b), which ***requires*** a specific form. Therefore, by rule, form ***does matter*** and ODC's argument that it does not must be rejected. Nor can ODC's argument be reconciled with this Court's holding that the prior subpoena "no longer applies" as a result of the filing of charges. Form was dispositive before and, for reasons of both how the subpoena rules operate and logical consistency, form should again be held dispositive.

9

## CONCLUSION

As a result of the removal of this case, this Court does not have jurisdiction to consider or rule upon the Motion to Enforce. If it did, it should be denied for the reasons previously asserted in Respondent's briefing with respect to the first subpoena (other than those related to defects in service) and for the additional reason that the subpoena is invalid in light of the Order of September 15, 2022 concerning the investigative-stage subpoena.

Finally, if despite these arguments, the October 6, 2022 subpoena is inclined to enforce that subpoena, Respondent should be allowed at least seven days after that date to supplement this response.

Respectfully submitted this 4th day of November 2022.

/s/ Charles Burnham
Charles Burnham
DC Bar No. 1003464
Burnham and Gorokhov, PLLC
1424 K Street, NW
Suite 500
Washington DC 20005
(202) 386-6920
charles@burnhamgorokhov.com

Robert A. Destro*
Ohio Bar #0024315
4532 Langston Blvd, #520
Arlington, VA 22207
202-319-5303
robert.destro@protonmail.com

*Motion for pro hac vice admission pending*

Harry W. MacDougald*
Georgia Bar No. 453076
Caldwell, Carlson, Elliott & DeLoach, LLP
Two Ravinia Drive, Suite 1600
Atlanta, Georgia 30346

(404) 843-1956
hmacdougald@ccedlaw.com

*  Motion for pro hac vice admission pending*

## CERTIFICATE OF SERVICE

I hereby certify that I have on this day served counsel for the opposing party with a copy of this *Response to Motion to Enforce* by email addressed to:

Hamilton P. Fox
foxp@dcodc.org
Jason R. Horrell
horrellj@dcodc.org
D.C. Bar
Building A, Room 117
515 5th Street NW
Washington DC 20001

This 4th day of November 2022.

/s/ Charles Burnham
Charles Burnham
DC Bar No. 1003464

Burnham and Gorokhov, PLLC
1424 K Street, NW
Suite 500
Washington DC 20005
(202) 386-6920
charles@burnhamgorokhov.com

11