IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN THE MATTER OF | : |
| JEFFREY B. CLARK, | : Case Nos. 1:22-mc-00096-RC |
| Respondent. | : |
| | : Judge Contreras |
| A Member of the Bar of the District of Columbia Court of Appeals (Bar Registration No. 455315) | : On removal from the D.C. Court of Appeals' Board on Professional Responsibility and Committee Hearing Committee No. 12 |
| D.C. Board on Professional Responsibility Board Docket Nos. 22-BG-059; 22-BD-03 Disciplinary Docket No. 2021-D193 | : |

## DISCIPLINARY COUNSEL'S REPLY TO OPPOSITION TO MOTION TO REMAND

In 2000, Congress enacted a law delegating to the states the authority to discipline federal government lawyers. 28 U.S.C. § 530B. Much of the authority on which Respondent relies predates the enactment of the McDade Act and was written at a time when the authority of the states to enforce their ethics rules against federal lawyers was unresolved. This includes *Mesa v. California*, 489 U.S. 121 (1989), and *Willingham v. Morgan,* 395 U.S. 402 (1969), on which he relies for his argument about the broad scope of removal under 28 U.S.C. § 1442, *Kolibash v. Committee on Legal Ethics of the West Virginia Bar,* 872 F.2d 571 (4th Cir. 1989), the only case affirming a removal of a disciplinary proceeding to federal court, and 4B OLC Ops. 576 (Apr. 18, 1980), an Office of Legal Counsel opinion suggesting that government lawyers cannot be sanctioned by state disciplinary authorities in carrying out federal law enforcement responsibilities. The McDade Act resolved that issue against Respondent's position.

The McDade Act was written long after the removal statutes on which Respondent relies. It is a clear exception to the right of removal. If government lawyers could simply remove state disciplinary proceedings to federal court, then 28 U.S.C. § 530B would be meaningless; "an attorney for the Government" would not "be subject to State laws and rules . . . to the same extent *and in the same manner* as other attorneys in that State." Federal lawyers could remove their cases to the district court and their matters would be handled in an entirely different manner. Thus, Respondent is subject to the jurisdiction of the disciplinary system of the District of Columbia unless (a) Congress did not intend to include D.C. within the meaning of "State" in § 530B or (b) Respondent's position as a presidential appointee somehow exempts him from discipline.

As to Congressional intent, the Department of Justice's regulations say that the District of Columbia is a state for purposes of § 530B. 28 C.F.R. 77.2(i). As we have argued in the Motion to Remand—and as the Hearing Committee and the Board found in rejecting Respondent's efforts to defer these proceedings—the District of Columbia is frequently treated as a state in analogous situations. The legislative history of the McDade Act shows that Congress understood that it was subjecting federal lawyers who practice in D.C. to the jurisdiction of the local disciplinary system. Remarkably, Respondent has not advanced a single plausible reason why the Congress would want to make an exception for the District of Columbia. D.C.'s Rules of Professional Conduct are essentially the same as every other jurisdiction, based on the ABA's Model Rules. The D.C. Court of Appeals is an excellent court, and unlike all other state courts, its judges are appointed by the President and confirmed by the Senate. Furthermore, while there are no available statistics, common sense and geography compel the conclusion that the Bar of the D.C. Court of Appeals has more federal government lawyers as members than any other jurisdiction. What possible reason would there have been for exempting D.C.? Respondent offers no answer. There is none,

which is why no D.C. disciplinary proceeding against a government lawyer has ever been tried in this Court, although that would presumably be a common practice if Respondent's position were correct.

Finally, there is no law that says because Respondent was a high-ranking Department of Justice official, he is exempt from disciplinary proceedings. If the President of the United States can be disciplined by state disciplinary authorities for ethical violations committed while in office, surely Respondent can be as well. Respondent raises a parade of horribles of state or Article I court interference with Executive Branch decision-making, but he does so only by distorting the facts of this case. No one is contesting his right to make recommendations to his superiors. But after having been told by the officials who knew the facts that there was no factual basis for his recommendation, Respondent not only insisted that the Department of Justice interfere in the Georgia election certification process, he attempted to coerce his superiors into doing so. He went to the extreme of seeking to have the Acting Attorney General removed from his position so that Respondent could replace him and interfere in the Georgia election. If Respondent has legitimate defenses to these charges, based in federalism or separation of powers or anything else, there is no reason to believe that the D.C. Court of Appeals and its disciplinary system will not recognize and honor those defenses, just as this Court would. But there is nothing in the McDade Act or any other law that exempts presidential appointees (or even presidents) from complying with the Rules of Professional Conduct.

Wherefore, this Court should grant the motion to remand and allow these disciplinary proceedings to proceed to their scheduled January 9, 2023, hearing.

Respectfully submitted,

/s/ *Hamilton P. Fox, III*
Hamilton P. Fox, III
Disciplinary Counsel
Bar Number 113050

OFFICE OF DISCIPLINARY COUNSEL
515 Fifth Street, N.W.
Building A, Room 117
Washington, D.C. 20001
(202) 638-1501

## CERTIFICATE OF SERVICE

I hereby certify that on 8th day of November, 2022, I caused this motion to be filed through the court's electronic filing system, which automatically sends copies to Mr. Clark's counsel and that I further caused electronic service to be made by email to Mr. Clark's counsel and to James T. Phalen, Esquire, Executive Attorney for the Board on Professional Responsibility.

/s/ *Hamilton P. Fox, III*
Hamilton P. Fox, III
Disciplinary Counsel
Bar Number 113050