## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

In re Jeffrey B. Clark,

A member of the Bar
   of the District of Columbia
   Court of Appeals

Bar No. 455315

Case Nos.  1:22-mc-096
            1:22-mc-117
            1:23-mc-007

## OPPOSITION TO MOTION TO STAY

This case involves three notices of removal stemming from an attorney discipline action against Jeffrey Clark pending before a hearing committee of the District of Columbia Board on Professional Responsibility. This Court granted Disciplinary Counsel's motions to remand, concluding that the Board's disciplinary action "is not a removable proceeding" and the Court lacks subject-matter jurisdiction to consider it. ECF 20 at 1-2, 32 & n.14 (*Remand Opinion*). Clark noted his appeal and now seeks a stay pending the resolution of that appeal.

In support of the stay, Clark first claims that no stay is necessary. He argues that under Supreme Court precedent and the directive of 42 U.S.C. § 1446(d)—that the state court in a removed civil action "shall proceed no further unless and until the case is remanded"—a state court may not proceed with a case purportedly removed under the federal officer removal statute until all appeals are complete. Mot. 7-13. In the alternative, Clark argues that the hearing committee does not yet

have jurisdiction to proceed because this Court's clerk has not complied with the directive of 28 U.S.C. § 1447(c) to mail a copy of its remand order "to the clerk of the State court." Mot. 13-17. Assuming that the hearing committee may not proceed without such a mailing, Clark argues that he meets the four-factor test for a stay pending appeal and that the Court should therefore stay the clerk from mailing a certified copy of its remand order. *Id.* at 17-26.

For the reasons below, Clark's motion for a stay fails on the merits: his argument that the hearing committee may not proceed even without a stay is incorrect, and he has not met his burden to show that he will suffer irreparable injury absent a stay or that he is likely to succeed on appeal. But a more fundamental question underlies Clark's motion and all of his arguments: whether Clark's notice of removal ever divested the hearing committee of jurisdiction to proceed in the first place. A notice of removal prevents a state court from proceeding only because—and only to the extent that—the removal statutes forbid the state court from doing so. But under their plain text, the removal statutes did not forbid the hearing committee from proceeding here. Accordingly, a stay of this Court's remand order would have no effect on the hearing committee's authority to hear the disciplinary action.

Nevertheless, in response to Clark's flurry of filings, the hearing committee has postponed the status conference it had previously scheduled and may be wait-

2

ing for confirmation from this Court that it may proceed. To provide that confirma-

tion, the Court should deny Clark's motion as moot and enter an order clarifying

that the hearing committee is free to proceed immediately. In the alternative, the

Court should deny Clark's motion on the merits and order the clerk to mail a copy

of its remand order pursuant to 42 U.S.C. § 1447(c).

## ARGUMENT

At base, the disciplinary proceeding against Clark is a square peg that does

not fit into the round hole provided by the removal statutes. Disciplinary proceed-

ings represent the Court's exercise of its responsibility to protect the public and our

system of justice from unscrupulous lawyers, and they are tailored to that purpose

from beginning to end. Disciplinary charges may be brought only against those

who have agreed, by becoming members of the bar, to be bound by the Rules of

Professional Conduct and to submit themselves to the disciplinary process. The

stakes in disciplinary matters extend no further than what attorneys receive as a re-

sult of their agreement: the privilege to practice law. In D.C., that privilege is

granted only by the Court of Appeals and may be taken away only by that same

court. Disciplinary proceedings are the Court's mechanism for determining

whether to continue to extend the privilege to practice law to members of its bar.

And the tools of discipline—censure, suspension, and disbarment—are tailored to

the Court's purpose. They do not include the remedies such as civil liability or

criminal sanctions that are traditionally available in civil actions or criminal prosecutions.

Attempting to fit disciplinary matters into the removal statutes is a doomed prospect. The difficulty arises at the threshold because the statutes authorize removal only of "civil actions" and "criminal prosecutions" commenced "in State court." 28 U.S.C. §§ 1441(a), 1442(a). But disciplinary proceedings are not civil actions, they are not criminal prosecutions, and they are not initiated in state court. *See Remand Opinion* 13-19. That threshold mismatch confounds any attempt to apply the removal statutes despite their facial inapplicability. For example, the statutes contain different procedural requirements for civil actions than for criminal prosecutions, leaving no sensible way to determine which requirements would apply to an action that is neither. *Compare* 28 U.S.C. § 1446 *with id.* § 1455. They also continually refer to the "State court" from which the case was removed, creating ambiguity when the body below is a non-court tribunal such as the Board or the hearing committee. *E.g.*, 28 U.S.C. §§ 1446(d), 1447(c), 1455(b).

The Court should not attempt to apply the removal statutes when they cannot sensibly be applied. It should instead recognize that the statutes' inapplicability means that Clark's notices of removal provided this Court with no more than its inherent jurisdiction to determine its own jurisdiction. *See United States v. United Mine Workers of Am.*, 330 U.S. 258, 291 (1947); *Timus v. Dist. of Columbia Dept.*

*of Human Rights*, 633 A.2d 751, 757 (D.C. 1993). The removal did not divest the hearing committee of jurisdiction to proceed because the removal statutes cannot sensibly be read to accomplish that result. Thus, the Court's remand decision simply acknowledges the Court's own lack of jurisdiction; it does not return jurisdiction to the hearing committee because the hearing committee never lost jurisdiction. A stay of the remand decision therefore would not affect the hearing committee's ability to proceed. Accordingly, the Court should deny the motion to stay pending appeal as moot and make clear that the hearing committee may proceed.

If the Court opts instead to consider the motion as if it were not moot, it should be denied because Clark fails to meet his burden to show that a stay is warranted. To avoid further confusion about whether the hearing committee should proceed, the Court should then direct its clerk to mail a copy of the remand order to the Office of the Executive Attorney of the Board, which is the closest equivalent to "the clerk of the State court" in these circumstances. 28 U.S.C. § 1447(c).

## I.     There is nothing to stay here.

The right to remove a case from state court to federal court is "purely statutory." 14C Wright & Miller, Fed. Prac. & Proc. Juris. § 3721 (Rev. 4th ed.). Accordingly, the scope of removal "and the terms of its availability . . . are entirely dependent on acts of Congress." *Id.* Because removal is itself a creature of statute, it follows that the consequences of removal also depend on acts of Congress. *See*

*id.* Specifically, a state court—or other tribunal—is prohibited from proceeding with a matter only to the extent that the removal statutes state that it may not proceed. *See* 28 U.S.C. §§ 1446(d), 1455(b) (describing state courts' authority to proceed in, respectively, removed civil actions and criminal prosecutions). And when the statutes forbid a tribunal from proceeding, they also control when the tribunal may proceed with the matter after remand. *See* 28 U.S.C. §§ 1447(c).

For most civil actions and criminal prosecutions removed from state court, the application of these principles is not complex. To remove a civil action commenced in state court, the defendant must comply with 42 U.S.C. § 1446, which contains the procedure for removal of civil actions. The defendant must file a timely notice stating the grounds for removal in district court and provide a copy of the notice to the affected parties and courts. *Id.* § 1446(a), (d); *see BP P.L.C. v. Mayor & City Council of Baltimore*, 141 S. Ct. 1532, 1538 (2021). After that, "the State court shall proceed no further unless and until the case is remanded." 28 U.S.C. § 1446(d). Notably, the state court's ability to proceed does not depend on whether the removal was proper. The district court must remand the case to return jurisdiction to the state court. If the district court does so, the court's clerk must mail a copy of the remand order to the clerk of the state court, and "[t]he State

court may thereupon proceed" with the case.[1] 28 U.S.C. § 1447(c). After such a

mailing, the federal courts no longer have jurisdiction to stay the remand. *E.g.*,

*Arnold v. Garlock, Inc.*, 278 F.3d 426, 438 (5th Cir. 2001) ("Once the remand or-

der is certified and mailed, however, the matter remanded is removed from federal

jurisdiction.").

The procedure for removal of criminal prosecutions is governed by a sepa-

rate statute, 42 U.S.C. § 1455. That procedure also involves filing a notice of re-

moval in district court, but both the requirements for and consequences of the

removal are markedly different from civil actions. For example, the notice in a

civil action must generally be filed within 30 days after the defendant receives the

initial pleading or a pleading from which removability may be ascertained. 28

U.S.C. § 1446(b)(1), (b)(3). In criminal prosecutions, however, the notice is due

within 30 days after the arraignment or "any time before trial," and the deadline

may be extended for good cause. *Id.* § 1455(b). The state court's ability to proceed

after removal of a criminal prosecution is also different from civil actions—indeed,

it is almost directly the opposite: "[t]he filing of a notice of removal of a criminal

---

[1] The courts disagree on whether the clerk's mailing is necessary to effect the re-
mand. *Compare*, *e.g.*, *Bryan v. BellSouth Communs., Inc.*, 492 F.3d 231, 235 n.1
(4th Cir. 2007) (remand based on lack of subject matter jurisdiction effective when
entered) *with*, *e.g.*, *Agostini v. Piper Aircraft Corp.*, 729 F.3d 350, 356 & n.2 (3d
Cir. 2013) ("[J]urisdiction is not transferred until the Clerk mails a copy of the cer-
tified remand order to state court.").

prosecution shall not prevent the State court in which such prosecution is pending from proceeding further, except that a judgment of conviction shall not be entered unless the prosecution is first remanded." 42 U.S.C. § 1455(b)(3). Unlike removed civil actions, the state court is only forbidden from proceeding if, after a hearing, the district court determines "that removal shall be permitted." *Id.* § 1455(b)(5). Unlike in civil actions, the state court need not wait for a remand order or the mailing of a remand order under Section 1447(c) to proceed with the case, except perhaps to enter a judgment of conviction. *Id.* § 1455(b)(2).

As this Court held, Clark's disciplinary proceeding is not a civil action or a criminal prosecution commenced in state court. *Remand Opinion* 13-19. Under the plain language of the removal statutes, a proceeding that is neither a civil action nor a criminal prosecution is not removable. *See* 42 U.S.C. §§ 1441(a), 1442(a). As a result, the statutes that control whether a state court may proceed *after* removal—including Section 1446(d)'s requirement that the state court "proceed no further" in removed civil actions—do not apply.

Indeed, because the statutes contain different procedures and consequences for civil actions than they do for criminal prosecutions, attempting to apply them is impossible without first determining that the proceeding is one or the other. For his part, Clark has consistently argued for whichever procedure suits him best, or failing that, no procedure at all. He argued that as a "hybrid" action, his initial notice

of removal was not untimely under the period for civil actions in Section 1446(b).[2] *See* ECF 1 at 7-11. He now argues that Section 1446(d)—which applies *only* to removed civil actions—*does* apply because he hopes to keep the hearing committee from proceeding. *See* Mot. 12. The Court should not play along. If this were a civil action removed from state court, Section 1446(d) would have prevented the state court from proceeding. If it were a criminal prosecution removed from state court, Section 1455(b) would have allowed the state court to proceed. But this is not a civil proceeding or a criminal prosecution, and it was not removed from state court. Accordingly, Section 1446(d) did not divest the hearing committee of jurisdiction to proceed with Clark's disciplinary action. Because no statute prevented the hearing committee from proceeding, it retained the same ability to move forward that it had before the removal notice.

Further, Section 1447(c) did not require the Court's clerk to mail a copy of its remand order "to the clerk of the State court" before the hearing committee could proceed. Indeed, to whom would the clerk address such a mailing? The Board on Professional Responsibility is not a court, nor is the hearing committee, and neither has a clerk's office. The clerk cannot be expected to figure out what entity counts as "the clerk of the State court" when the case did not come from a

---

[2] Section 1446(b) requires a notice of removal in civil actions to be filed within 30 days of the initial pleading, but Clark filed his notice nearly three months after he was served with Specification of Charges. *See* ECF 1 at 6-7.

state court and there is no clerk's office. It is thus no surprise that the Court's clerk did not mail a certified copy of the remand order to anyone for more than a month before Clark sought a stay. Nothing told the clerk to do so.

Clark argues that disciplinary proceedings are ultimately under the D.C. Court of Appeals, which he says counts as a "State court" under 28 U.S.C. § 1451(1). Mot. 6-7. That section defines the District of Columbia as a "State" for purposes of the removal statutes, but the same statute contains a more specific definition of "State court" that includes only the D.C. Superior Court, not the D.C. Court of Appeals. 28 U.S.C. § 1451(2). Under the *expressio unius* canon, Congress's express inclusion of one D.C. court implies that it intended to exclude others. *See Nasdaq Stock Mkt. LLC v. SEC*, 38 F.4th 1126, 1137 (D.C. Cir. 2022) ("This is the maxim of *expressio unius est exclusio alterius* at work: Mention of one thing . . . implies exclusion of another thing." (cleaned up)). The statute's more general definition of "State" to include the District of Columbia has a separate function: to include the District in other places where the removal statutes use the term "State." For example, Section 1441(a)(2) forbids removal of diversity actions where a party "is a citizen of the State in which such action is brought." *See also* 28 U.S.C. §§ 1442(b) ("citizen of a State," "nonresident of such State"); 1445(c) (actions "arising under the workmen's compensation laws of such State"). In any case, even if the D.C. Court of Appeals could be considered a "State court," the

10

clerk did not need to mail a copy of the remand order under Section 1447(c) to return jurisdiction to the hearing committee because Section 1446(d) never withdrew its jurisdiction to proceed in the first place.

And because the hearing committee never lost jurisdiction, a stay to prevent the clerk from mailing a copy of the remand order would have no effect on the hearing committee's ability to proceed now. Clark's motion should be denied as moot, and the Court should make clear that the hearing committee is free to go forward.

## II.    Clark is incorrect that all appeals of a remand order must be exhausted before a state court may proceed.

For the reasons above, Clark's notice of removal never divested the hearing committee of its jurisdiction to proceed with the disciplinary case. Accordingly, the Court need not reach Clark's sweeping argument that state courts can never proceed while a remand order is on appeal. Mot. 6-7, 7-13. In any event, that argument is refuted by the plain language of the removal statute and has no support in precedent.

Clark bases the argument on a stray line from the Supreme Court's decision in *BP v. Mayor & City of Baltimore*, 141 S.Ct. 1532, 1536 (2021). That case resolved a circuit split regarding the scope of review of a remand order in which removal was premised on multiple grounds, including federal officer removal. *Id.* at 1536. The Court held that an appellate court may review the district court's reasons

11

for rejecting all of the purported bases for removal and is not limited to reviewing solely the decision on federal officer removal. *Id.* at 1543.

The case did not discuss the technical matter of when jurisdiction returns to state court following a district court's remand order, much less did it hold that a state court may never proceed until all appeals are exhausted. The sentence that Clark leans on comes not from the Court's analysis of the question presented, but instead from a background discussion of the appealability of remand orders. *See id.* at 1536-1537. The Court first explained that "federal appellate courts have generally lacked the power to review a district court order remanding a case to state court." *Id.* at 1536. The Court then observed that the statute has accrued exceptions over time; for example, "a federal court of appeals usually can intervene to test the soundness of the district court's remand order" in civil rights cases removed pursuant to 28 U.S.C. § 1443. *Id.* The Court then noted a second exception to non-appealability, "for suits against federal officers or agencies removed pursuant to 28 U.S.C. § 1442." *Id.* In that context, the Court stated: "Here too, Congress has deemed it appropriate to allow appellate review before a district court may remand a case to state court." *Id.* at 1536.

Clark claims—using boldface, italics, and underlining—that this sentence means that jurisdiction cannot revert to state court until all appeals from a remand order are resolved. Mot. 8. But read in context, it is clear that the Court was simply

explaining the exceptions to the general rule that remand orders are not appealable. It was not discussing when jurisdiction reverts to state court following a remand, much less pronouncing that state courts may never proceed while an appeal is pending.

Clark's theory is refuted by the removal statutes themselves. As discussed, criminal prosecutions against federal officers are removable under Section 1442(a), but the removal statute expressly permits state courts to proceed despite the removal. 28 U.S.C. § 1455(b). Remand orders in those cases are appealable under Section 1447(d), but nothing in the statutes forbids a state court from continuing during an appeal. Likewise in removed civil actions, Section 1446(d) forbids the state court from proceeding only "unless or until the case is remanded." Section 1447(c) then directly authorizes the State court proceed upon the district court's mailing of a certified copy of the remand order. Again, nothing in the text of the removal statutes suggests that a state court cannot go forward if the remand order is appealable or while an appeal is pending.

Clark does not and cannot point to any case in any court that has adopted his outlandish theory. To the contrary, defendants regularly seek to stay appealable orders remanding cases to state court, and the courts regularly evaluate those motions under the traditional factors. *See, e.g.*, *City of Charleston v. Brabham Oil Co.*, No. 2:20-CV-3579, 2023 WL 4361234, at *1 (D.S.C. July 6, 2023); *Port of Corpus*

*Christi Auth. of Nueces Cnty., Texas v. Port of Corpus Christi L.P.*, 57 F.4th 432, 436 (5th Cir. 2023) (noting district court's denial of motion to stay remand pending appeal); *District of Columbia v. Exxon Mobil Corp.*, No. 22-7163, 2023 WL 1480039, at *1 (D.C. Cir. Jan. 30, 2023) (denying motion to stay remand pending appeal pursuant to federal officer removal). In short, Clark's theory is utterly without support. If the Court considers it at all, it should be rejected.

## III.   Clark has not shown that a stay is justified.

To reach the merits of Clarks' motion, the Court must first conclude that a stay would provide him with some relief. To do that, the Court must engage in multiple conjectures. It must suppose (1) that the removal statutes apply as if the disciplinary proceeding were a civil action or criminal prosecution commenced in state court (despite the Court's prior decision to the contrary); (2) that the procedures for civil actions under Section 1446(d) apply and those for criminal prosecutions under Section 1455(b) do not; (3) that the hearing committee counts as a state court in a removed civil action and was thus forbidden from proceeding before remand; (4) that the Court's clerk must mail a copy of its remand order to someone under Section 1447(c) before the hearing committee may resume; and (5) that entering a stay would forestall the clerk from such a mailing. If the Court engages in all of those suppositions, it should deny Clark's motion because he has not met his heavy burden to show that a stay is justified.

14

A stay pending appeal is an "intrusion into the ordinary processes of admin-istration and judicial review." *Nken v. Holder*, 556 U.S. 418, 427 (2009) (cleaned up). It "is not a matter of right, even if irreparable injury might otherwise result to the appellant." *Id.* (cleaned up). "Granting a stay pending appeal is always an ex-traordinary remedy" and "the moving party carries a heavy burden to demonstrate that the stay is warranted." *FTC v. Boehringer Ingelheim Pharms., Inc.*, 241 F.Supp. 3d 91, 97 (D.D.C. 2017).

The motion is evaluated under the traditional four-factor test for a stay pend-ing appeal: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably in-jured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Nken*, 556 U.S. at 434 (quoting *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987)). "The first two factors of the traditional standard are the most critical." *Id.* It is not enough to show a mere possibility of success or some possibility of irreparable in-jury. *Id.*

Clark's motion fails on the merits because he has not shown he is likely to succeed on appeal or that he will suffer any irreparable injury from the denial of a stay. The public interest also favors denying the stay.

### A.   Clark cannot show irreparable harm.

"A showing of irreparable harm is crucial" to obtaining a stay pending appeal. *FTC v. Church & Dwight Co.*, 756 F. Supp. 2d 81, 86 (D.D.C. 2010). The failure to show irreparable harm alone is sufficient to deny such a stay. *See District of Columbia v. Exxon Mobil Corp.*, 2023 WL 1480039 (D.C. Cir. Jan. 30, 2023) (denying stay of remand order because appellants "have not met this court's 'high standard' for demonstrating irreparable injury"); *Wisconsin Gas Co. v. FERC*, 758 F.2d 669, 674 (D.C. Cir. 1985) ("We believe that analysis of the second factor disposes of these motions and, therefore, address only whether the petitioners have demonstrated that in the absence of a stay, they will suffer irreparable harm.").

The D.C. Circuit "has set a high standard for irreparable injury." *Chaplaincy of Full Gospel Churches v. England*, 454 F.3d 290, 297 (D.C. Cir. 2006). The mere possibility of injury is not enough. The injury "must be both certain and great; it must be actual and not theoretical." *Id.* (citation omitted). The injury must also "be beyond remediation." *Id.* "Mere injuries, however substantial, in terms of money, time and energy necessarily expended in the absence of a stay are not enough." *Id.* (quoting *Wisconsin Gas Co.*, 758 F.2d at 674).

Clark's motion should be denied because he fails to show he would suffer any irreparable harm absent a stay. The only harm he claims is that denying the

stay would deprive him of "his right to have this case adjudicated in a federal fo-

rum" and that he "will be put through local litigation that will irreparably harm his

reputation." Mot. 23, 24. Neither claim is sufficient to show the irreparable injury

required to justify a stay.

First, the Court's remand opinion has established that Clark does not have a

right to a federal forum for his disciplinary case. Accordingly, he will not suffer

the asserted injury because the right he claims will be denied does not exist. To be

sure, the existence of such a right is the subject of Clark's appeal, but Clark cannot

shoehorn that merits question to show he will suffer irreparable harm. Indeed, to

qualify as irreparable harm, the injury "must be both *certain* and great." *Chap-

laincy of Full Gospel Churches*, 454 F.3d at 297 (emphasis added). Thus, Clark

could demonstrate irreparable harm from the deprivation of his claimed right only

by showing he was *certain* to establish that right exists by prevailing on the merits

of his appeal. That showing would go well beyond the ordinary requirement to

show a likelihood of success, which, as we explain below, he cannot do.

Second, denying a stay would not violate the claimed right even if it existed

because the disciplinary proceeding is unlikely to conclude before the resolution of

Clark's appeal. The proceeding is currently in its initial stages. The next step is to

schedule a hearing, which cannot realistically occur until the Fall. Extensive post-

hearing briefing follows the hearing, and the hearing committee must then write a

report and recommendation. That report does not itself trigger any consequences. The hearing committee's report is reviewed—after briefing and argument—by the Board, which writes its own report and recommendation. And the Board's recommendation is reviewed by the Court of Appeals, with another round briefing and argument. No discipline can be imposed until after the Board acts and the case reaches the Court. It is likely that Clark's appeal will be complete long before that. Then, in the unlikely event that the D.C. Circuit finds the disciplinary proceeding was removable after all, the case would proceed in this Court and his claimed right would be vindicated. To the extent Clark incurs expenses defending the disciplinary action in the meantime, "[m]ere litigation expense, even substantial and unrecoupable cost, does not constitute irreparable injury." *FTC v. Standard Oil Co.*, 449 U.S. 232, 244 (1980).

Finally, the reputational harm Clark claims will occur from news stories covering his disciplinary proceedings (Mot. 24) cannot qualify as irreparable harm because the same harm would occur if his disciplinary case were heard in federal court. Clark offers no reason why his case would receive less attention if heard in federal court than it would before a hearing committee. And while he complains that D.C.'s disciplinary hearings are broadcast on YouTube, he does not explain why that form of public access to a hearing would result in greater harm than the public access this Court permits to its proceedings. In fact, Clark does not explain

how a public airing of the conduct underlying the disciplinary complaint is a cognizable injury at all. In sum, Clark has not shown any irreparable injury sufficient to warrant granting a stay pending appeal, and his motion fails for that reason alone.

### B.   Clark has not established a likelihood of success on the merits.

Clark also fails to show that he is likely to succeed on the merits of his appeal. The Court's remand opinion carefully explains why it lacks jurisdiction to adjudicate attorney discipline matters. By their plain text, the removal statutes apply to "civil actions" and "criminal prosecution[s]." 28 U.S.C. §§ 1441 (civil actions), 1442 (civil action or criminal prosecution against federal officers). Those statues do not reach disciplinary proceedings in furtherance of a court's authority to regulate the practice of law because such proceedings are neither civil actions nor criminal prosecutions. *Remand Opinion* 13-19. As even Clark agrees, an attorney-discipline proceeding is not purely a civil action. *Id.* at 14. It "bears none of the essential hallmarks of a civil case," and is not "of a character traditionally cognizable by courts of common law or equity." *Id.* (cleaned up). Accordingly, numerous federal courts have found that disciplinary matters are not removable as "civil actions." *Id.* at 14-15 (collecting cases). Nor is a disciplinary matter a "criminal prosecution" amenable to removal under 28 U.S.C. § 1442. *Id.* at 16-19. Although the D.C. Court of Appeals has described disciplinary matters as "quasi-criminal," *see*

*In re Artis*, 883 A.2d 85, 103 (D.C. 2005), this is a reference to the procedures,

*e.g.,* absence of civil discovery. Disciplinary matters do not result in criminal lia-

bility. *Remand Opinion* at 7. They also serve a different purpose than criminal

prosecutions. As the D.C. Court of Appeals has repeatedly held, disciplinary sanc-

tions are not intended "to punish the attorney, but to protect the public and the

courts, safeguard the integrity of the profession, and deter respondent and other

attorneys from engaging in similar misconduct." *Id.* at 18-19 (quoting *In re Cater*,

887 A.2d 1, 17 (D.C. 2005)). Moreover, this Court's careful analysis of D.C.'s dis-

ciplinary apparatus, Congress's creation of the D.C. courts, and 28 U.S.C. § 530B

shows that Congress did not intend disciplinary actions to be removable. *Id.* at 20-

32.

　　　Clark fails to show he is likely to reach a different result on appeal. He relies

most heavily on a provision of the federal officer removal statute that defines "civil

action" and "criminal prosecution" to "include any proceeding (whether or not an-

cillary to another proceeding) to the extent that in such a proceeding a judicial or-

der, including a subpoena for testimony or documents, is sought or issued." 42

U.S.C. § 1442(d)(1); *see* Mot. 17-18, 19, 21-22. This Court previously rejected

Clark's argument that this language made the subpoena enforcement dispute re-

movable on its own. *Remand Opinion* 34. Clark's new argument goes further. He

now claims the disciplinary proceeding itself is removable because Disciplinary

Counsel will ultimately seek an order of discipline from the D.C. Court of Appeals. *Id.* at 18, 22. That is incorrect.

First, Clark makes no effort to answer the Court's reasoning that the relevant text does not apply because it was enacted to resolve a circuit split regarding the removability of actions under "'pre-suit discovery' laws." *Remand Opinion* 34 (quoting H.R. Rep. No. 112-17, at 2 (2011)). Clark's new argument is also contrary to the plain language of the statute. Section 1442(d)(1) does not make a proceeding removable *if* a judicial order may eventually be sought—in a later stage of the proceeding, before a different tribunal. It makes a proceeding removable "*to the extent that*" a judicial order "is sought" in the proceeding. 42 U.S.C. § 1442(d)(1) (emphasis added). The next sentence—which Clark does not mention—clarifies that in such cases "only *that proceeding*"—the one seeking a judicial order—"may be removed to the district court." *Id.* (emphasis added). In other words, even if Clark were correct that his disciplinary action could fall within Section 1442(d)(1), only the subpoena-enforcement aspect that proceeding would be removable, not the underlying disciplinary proceeding itself. And even then, the subpoena-enforcement matter would only be removable if it were in "state Court," which, under the definition of 42 U.S.C. § 1442(d)(6), does not include the D.C. Court of Appeals. *See supra* pp. 9-10. Moreover, even if Clark could surmount all of the foregoing and show a likelihood that the subpoena-enforcement action was removable, it would

21

not justify entering a stay that would prevent the underlying disciplinary matter from proceeding before the hearing committee.

The remainder of Clark's argument likewise fails to show that he is likely to succeed on the merits of his appeal. He first argues that disciplinary proceedings are not among nonremovable actions listed in 28 U.S.C. § 1445. Mot. 18-19. But each item on that list is a "civil action" that might otherwise be removable if not for Section 1445. Because disciplinary proceedings are not civil actions (or criminal prosecutions), Congress had no reason to specify that they are not removable— they are already excluded by the text of Sections 1441 and 1442 that limits removal to civil actions and criminal prosecutions.

Clark next revives an argument this Court has already rejected—that the disciplinary action is removable as a "hybrid proceeding" under a functional interpretation of the statute—and claims that courts have found "other types of hybrid proceedings" to be removable. Mot. 19-22. Clark relies on several contempt and garnishment cases to support this argument, but none of them hold that there is such a thing as a "hybrid proceeding," much less that "hybrid proceedings" are removable.

The contempt cases Clark cites are not comparable because they all arose from subpoenas against federal officers and have thus been superseded by Section 1442(d)(1), which settles whether such proceedings are removable. Regardless,

22

only two of the decisions discussed whether a contempt proceeding should be classified as a "civil action" or a "criminal prosecution," and neither concluded there is such a thing as a "hybrid" action. Instead, the courts in both cases concluded that the classification is not important because the contempt actions sought to compel a federal officer to act in his official duty or punish him for failing to do so. *See Wisconsin v. Schaffer*, 565 F.2d 961, 962 (7th Cir. 1977); *North Carolina v. Carr*, 386 F.2d 129, 131 (4th Cir. 1967). That reasoning does not apply here because Clark is no longer a federal official and the disciplinary action does not seek to compel official acts.

The cases involving wage garnishments against federal officers likewise fail to establish the existence or removability of so-called "hybrid" actions. To the contrary, they agree that a garnishment is removable if it is a "civil action" and nonremovable if it is not. *Compare Nationwide Investors v. Miller*, 793 F.2d 1044, 1045 (9th Cir. 1986) (holding "a state court garnishment proceeding, to which a federal officer acting under color of office has been summoned [is] a 'civil action' within § 1442(a)(1) and therefore removable to federal district court") *with Murray v. Murray*, 621 F.2d 103, 106 (5th Cir. 1980) ("the summons in garnishment is not a civil action commenced in state court against (an) official of the United States for any act under color of such office." (cleaned up)). The courts' disagreement about

whether such proceedings are civil actions says nothing about whether Clark's disciplinary proceeding—concededly *not* a civil action—is removable.

Clark thus fails to show that he is likely to succeed on the merits of his appeal. Having failed to establish either of the two critical elements for a stay, Clark cannot meet his heavy burden to show that a stay pending appeal is justified.

### C.   The public interest favors denying the stay.

The public interest favors a prompt resolution of this disciplinary matter. Delays in D.C.'s attorney disciplinary system have long been an issue of public importance and concern. *See*, *e.g.*, Peter H. Wolf, *Fifteen Years for One Disciplinary Case?!,* 150 D.W.L.R. 2938 (Nov. 22, 2022); Michael S. Frisch, *No Stone Left Unturned: The Failure of Attorney Self-regulation in the District of Columbia*, 18 Geo. J. Legal Ethics 325 (2005). The three levels of review discussed above (pp. 17-18) take long enough; the process should not be halted for multiple levels of appellate review on Clark's frivolous removal arguments. Delays in disciplinary proceedings fail to protect the public and reinforce the impression that the disciplinary system is too friendly to attorneys who violate their professional obligations. Those concerns are heightened in this case because Clark's highly public misconduct occurred more than two years ago. Clark's removals have already delayed this matter by nine months, and a stay would serve only to prolong the delay. Indeed, in his

stream of filings since this Court granted the motions to remand, Clark has repeatedly made clear that he will ensure the delay is as lengthy as possible, promising to seek both rehearing en banc after losing in the D.C. Circuit and certiorari in the Supreme Court after that.

Finally, Clark's misconduct was of a most grievous nature. He attempted to undermine the basic premise of a democracy: the winner of a majority of the votes is elected to office. He did so by attempting to coerce the Acting Attorney General of the United States to intervene in a presidential election based upon a baseless and dishonest claim of election fraud. This was one of many steps to deny the 2020 election results and attempt to perpetuate a losing incumbent in power. There is little dispute as to what Clark did. His conduct is documented in the public record and he has not denied it. There is an overwhelming public interest in promptly resolving these disciplinary charges. Clark has delayed this matter for nine months already. He should not be permitted to do so any longer.

## CONCLUSION

The Court should enter an order (1) clarifying that the notices of removal did not divest the hearing committee of jurisdiction to proceed and that the clerk need not mail a copy of the remand order under 28 U.S.C. § 1447(c); and (2) denying the motion for a stay as moot. In the alternative, the Court should deny the stay on its merits and direct its clerk to comply with 28 U.S.C. § 1447(c).

Respectfully submitted,

HAMILTON P. FOX, III
  *Disciplinary Counsel*

s/Theodore (Jack) Metzler
THEODORE (JACK) METZLER
  *Senior Assistant Disciplinary Counsel*

OFFICE OF DISCIPLINARY COUNSEL
515 Fifth Street, N.W.
Building A, Room 117
Washington, D.C. 20001
(202) 638-1501

PROPOSED ORDER

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

In re Jeffrey B. Clark,

A member of the Bar
   of the District of Columbia
   Court of Appeals

Bar No. 455315

Case Nos.  1:22-mc-096
             1:22-mc-117
             1:23-mc-007

## ORDER DENYING MOTION TO STAY

On consideration of Clark's motion for stay pending appeal (ECF No. 25) and Disciplinary Counsel's opposition thereto, the Court finds that the motion is moot and therefore denies it. For the reasons explained in the Court's Memorandum Opinion Granting Motions to Remand (ECF No. 20), the disciplinary action against Clark is not a removable "civil action" or "criminal prosecution" within the meaning of the removal statutes. ECF No. 20 at 13-19, *see* 28 U.S.C. §§ 1441(a), 1442(a). Accordingly, 28 U.S.C. § 1446(d), which prevents a state court from proceeding after the removal of a "civil action," does not apply, and neither the Board on Professional Responsibility nor the hearing committee considering Clark's disciplinary case were precluded from going forward by Clark's notices of removal. Nor would a stay of this Court's remand order prevent the Board or the hearing

committee from proceeding now. Because a stay would not afford Clark any relief, his motion is moot and the Court denies it for that reason. For the avoidance of doubt, the Court finds that the Board of Professional Responsibility is not a "State court" within the meaning of 28 U.S.C. § 1447(c), and the clerk is therefore not required to mail a certified copy of the Court's remand order pursuant to that section.

SO ORDERED.


Dated:_____          _____

RUDOLPH CONTRERAS
United States District Judge

2

**Notice to:**

Charles Burnham
Burnham & Gorokhov PLLC
1424 K St. NW
Suite 500
Washington, DC 20005

Harry W. MacDougald
Caldwell, Carlson, Elliott & Deloach, LLP
2 Ravinia Drive
Suite 1600
Atlanta, GA 30346

>    *Counsel for Jeffrey B. Clark*

Hamilton P. Fox, III
Theodore (Jack) Metzler
Office of Disciplinary Counsel
515 5th Street, N.W.
Building A, Suite 117
Washington, DC 20001

>    *Counsel for District of Columbia Office of Disciplinary Counsel*