IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE: JEFFREY B. CLARK,<br><br>A member of the Bar of the District of Columbia Court of Appeals (Bar No. 455315) | Case No. 1:23-mc-00007-RC<br>Case No. 1:22-mc-00096-RC<br>Case No. 1:22-mc-00117-RC |

## REPLY IN SUPPORT OF MOTION TO ALLOW SUPPLEMENTAL STAY BRIEFING

1. ODC complains that because Hearing Committee 12 entered a self-stay on the issue of 28 U.S.C. 1447(c) compliance, Mr. Clark should not have filed this Motion. *See* Opp. to Mot. for Further Briefing at 1, No. 22-mc-0096, at 1 (Aug. 2, 2023). We are indeed grateful to Hearing Committee 12 for the self-stay it entered on July 28, 2023 and its recognition that issues related to removal must be decided by the Article III courts in this case now on appeal, still here only for limited stay-related purposes. *See* July 28 Order at 12. We are also grateful to the Hearing Committee for recognizing that the affidavit ODC filed to try to excuse compliance with Section 1447(c) omitted key facts, such as the existence of (1) a clerk-analogue in the Board of Professional Responsibility's Executive Office and of (2) the D.C. Court of Appeals, "which certainly has a clerk's office." *Id.* at 9. And finally, we are grateful that Hearing Committee 12 recognizes that ODC was trying to make new arguments it did not advance to this Court concerning the removal. *See id.* at 4-5.

2.      But ODC fails to acknowledge that Hearing Committee 12 did not confine itself to ruling that to those issues, such as Section § 1447(c) being a matter for the Article III courts. Instead, it went on to volunteer *obiter dicta* about its view on *BP, p.l.c. v. Mayor & City Council of Baltimore*, 141 S. Ct. 1532 (2021). *See* July 28 Order at 10-11. It is this *dicta* that we primarily seek to address in a short exchange of supplemental briefs. On the Hearing Committee's own logic, it should have left resolution of the *BP* dispute to this Court. *Compare id.* at 7 ("It was not a question of what the decision should be. ***It was a question of who should be making the decision.***"). This Court is who should be making the decision in the first instance, followed by review during later stages of the appellate process.

3.      ODC argues that this Motion is only interposed for delay because the Section 1447(c)- related stay issue is relatively self-contained. *See* Opp. to Mot. for Further Briefing at 1-2. But this ignores that it is not Section 1447(c) alone that caused us to move for supplemental briefing.

4.      We are tempted to simply set out our points about what the Hearing Committee said about the *BP* decision and about a few other issues now in this procedural Reply. But that would be unfair to ODC because they would not have the chance to respond. As a result, the best course of action remains to allow short supplemental briefing. We do, however, offer an amended/variable timetable, as we do not know when this Court will rule on this Motion:

1. 8-page Supplemental Brief in Support of Stay — **+3 calendar days from the time this Court grants supplemental briefing.**

2. 8-page Supplemental Opposition to Stay — **+7 calendar days from the time Mr. Clark files his 8-page Supplemental Brief in Support of Stay.**

3. 4-page Supplemental Reply in Support of Stay — **+3 calendar days from the time ODC files its Supplemental Opposition to Stay.**

Respectfully submitted this 2nd day of August 2023.

/s/ Charles Burnham  
Charles Burnham  
DC Bar No. 1003464  
Burnham and Gorokhov, PLLC  
1750 K Street, NW  
Suite 300  
Washington DC 20006  
(202) 386-6920  
charles@burnhamgorokhov.com

/s/ Harry W. MacDougald  
Harry W. MacDougald  
Georgia Bar No. 463076  
Caldwell, Carlson, Elliott & DeLoach LLP  
Two Ravinia Drive, Suite 1600  
Atlanta, Georgia 30346  
(404) 843-1956  
hmacdougald@ccedlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that I have on this day served counsel for the opposing party with a copy of this *Reply in Support of Motion to Allow Supplemental Stay Briefing* by filing with the Court's electronic filing system and by email addressed to:

Hamilton P. Fox, Esq.
Jason P. Horrell, Esq.
Office of Disciplinary Counsel
Building A, Room 117
515 5th Street NW
Washington DC 20001
foxp@dcodc.org
horrellj@dcodc.org

This 2nd day of August 2022.

/s/ Charles Burnham
Charles Burnham
DC Bar No. 1003464
Burnham and Gorokhov, PLLC
1750 K Street, NW
Suite 300
Washington DC 20006
(202) 386-6920
charles@burnhamgorokhov.com