### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA

|  |  |  |  |
|---|---|---|---|
| | : | | |
| IN RE JEFFREY B. CLARK | : | Case Nos.: | 22-mc-0096 |
| | : | | 22-mc-0117 |
| | : | | 23-mc-0007 |
| | : | | |

### MEMORANDUM & ORDER

**DENYING MOTIONS TO STAY; DENYING MOTION FOR SUPPLEMENTAL BRIEFING**

### I.  INTRODUCTION

On July 19, 2022, the Office of Disciplinary Counsel ("ODC") for the D.C. Board on Professional Responsibility (the "Board"), an organ of the D.C. Court of Appeals ("DCCA") that regulates the conduct of attorneys admitted to the D.C. Bar, commenced a disciplinary proceeding against Jeffrey B. Clark, an attorney admitted to the D.C. Bar and a former Assistant Attorney General of the United States.  *See* 1d Notice of Removal Ex. A-2 ("Petition and Specification"), ECF No. 1-2.  Mr. Clark removed the disciplinary proceeding to this Court, *see* 1d Notice of Removal, Case No. 22-mc-0096, ECF No. 1, and subsequently removed both ODC's motion to enforce a subpoena, *see* 2d Notice of Removal, Case No. 22-mc-0117, ECF No. 1, and a separate subpoena later issued by ODC, *see* 3d Notice of Removal, Case No. 23-mc-0007, ECF No. 1.[1]  On June 8, 2022, the Court granted ODC's corresponding motions to remand. *See In re Clark*, No. 22-mc-0096, No. 22-mc-0117, No. 23-mc-0007, 2023 WL 3884119 (D.D.C. June 8, 2023).  Mr. Clark appealed the Court's remand order, *see* Notice of Appeal, ECF No. 21, and now moves for a stay pending resolution of that appeal, *see* Mot. Stay, Case No.

---

[1] Unless otherwise noted, all citations herein refer to the docket in Case No. 22-mc-0096.

22-mc-0096, ECF No. 25; Case No. 22-mc-0117, ECF No. 17; Case No. 23-mc-0007, ECF No. 11.[2]  For the reasons set forth below, that motion is denied.

## II.  BACKGROUND

The Court presumes familiarity with the relevant factual and legal background from its prior opinion, *see Clark*, 2023 WL 3884119, at *2–5, but provides a high-level summary of its removal jurisdiction analysis as relevant here.  The Court principally held that Mr. Clark had not established that the federal officer removal statute, 28 U.S.C. § 1442, provides jurisdiction to remove the Board's disciplinary proceeding, or the Board's action to enforce a subpoena issued pursuant to that proceeding, to federal court.[3]  *Id.* at *14, *16.

More specifically, the Court found that the Board's disciplinary proceeding was neither a "civil action" nor a "criminal prosecution" as those terms are used in the removal statutes, and therefore that federal jurisdiction did not lie over its removal.  *See id.* at *7–9.  It explained that the "disciplinary proceeding bears none of the essential hallmarks of a civil case," *id.* at *7, and "serves a different primary purpose than a criminal prosecution," though it acknowledged that "it may be possible to imagine a state bar disciplinary proceeding designed such that it is simply a criminal prosecution by another name," *id.* at *8–9.  In response to Mr. Clark's argument that the Court should adopt a "functional test" to find the Board disciplinary proceeding removeable notwithstanding that it is neither a "civil action" nor a "criminal prosecution," the Court also examined the interaction of federal officer removal under section 1442 with 28 U.S.C. § 530B,

---

[2] Mr. Clark also moves for leave to set a supplemental briefing schedule in response to an order issued by the assigned Hearing Committee of the Board.  *See* Mot. Suppl. Briefing, Case No. 22-mc-0096, ECF No. 28; Case No. 22-mc-0117, ECF No. 19; Case No. 23-mc-0007, ECF No. 13.  The Court denies that motion as unnecessary in light of its decision on Mr. Clark's motion to stay.

[3] The Court also found that Mr. Clark did not establish federal question jurisdiction under 28 U.S.C. § 1331.  *See Clark*, 2023 WL 3884119, at *15.

which commands that "attorney[s] for the Government shall be subject to" state bar disciplinary rules.  *See id.* at *9–14.  The Court found that, "[w]ith federal and state interests thus aligned" through section 530B, "nothing in the cases cited by Mr. Clark, or in the history of the federal officer removal statute, supports resolving any remainder of ambiguity concerning the removability of a state bar disciplinary proceeding in favor of granting a federal forum."  *Id.* at *13.  Finally, the Court also held that the attempt to enforce a subpoena issued pursuant to the Board's disciplinary proceeding was not separately removable, as it was merely a "satellite enforcement action involving no new parties that is an integral part of and supplementary to the otherwise unremovable Board proceeding."  *Id.* at *15 (quotation marks and citation omitted).

### III.  ANALYSIS

Mr. Clark presents three alternative arguments as to why a stay is warranted.  First, he argues that a stay pending resolution of his appeal is mandatory under the Supreme Court's decision in *BP P.L.C. v. Mayor & City Council of Baltimore*, 141 S. Ct. 1532 (2021).  *See* Mot. Stay at 6–13.  Second, he argues that a temporary stay is required pending compliance with section 1447(c)'s provision for the mailing of a certified copy of the Court's remand order to the relevant state court clerk.  *See id.* at 13–17.  Third, he argues that a discretionary stay is warranted pending resolution of his appeal.  *See id.* at 17–26.  The Court first evaluates Mr. Clark's arguments for a mandatory stay and a discretionary stay before turning to his argument for a temporary stay.

### A.  Mandatory Stay

In general, "[a]n order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise," but an exception exists for cases, like this one, "removed pursuant to section 1442 or 1443."  28 U.S.C. § 1447(d).  In *BP*, plaintiffs the mayor and city

council of Baltimore sued in state court alleging "a number of state-law causes of action," with "most centered on the defendants' alleged failure to warn about the dangers of their products." *BP*, 141 S. Ct. at 1536.  The defendants removed to federal court under section 1442, but also "identified a number of other statutes that they believed independently supported removal."  *Id.* Accordingly, the question before the Supreme Court was whether, on appeal, the court must confine its analysis to the propriety of removal pursuant to section 1442, or whether section 1447(d) "permit[s] a court of appeals to review any issue in a district court order remanding a case to state court where the defendant premised removal in part on [section 1442 or section 1443]."  *Id.*  The Court held that section 1447(d) permits appellate review of "the whole of" a remand order as long as one asserted basis for removal was section 1442 or section 1443.  *Id.* at 1538 ("[Section] 1447(d) permits appellate review of the district court's remand order—without any further qualification.").

The *BP* decision nowhere considered the propriety of granting a stay pending appeal, but Mr. Clark argues that certain language from the opinion "make[s] quite clear that appeals ***stop proceedings on remand***[.]"  Mot. Stay at 9 (emphasis in original).  Mr. Clark identifies the following quotation from the opinion as the "clearest . . . statement" of that proposition: "Here, too, Congress has deemed it appropriate to allow appellate review before a district court may remand a case to state court."  *BP*, 141 S. Ct. at 1536; *see* Mot. Stay at 8.

First, read in context, this language does not imply, much less establish, a rule requiring district courts to automatically stay appealable remand orders pending resolution of their appeal.[4]

---

[4] The Federal Rules of Civil Procedure provide for an automatic stay of thirty days on proceedings to enforce "a judgement," Fed. R. Civ. P. 62(a), which includes "any order from which an appeal lies," *id.* at 54(a).  But this provision is not at issue here, as any such automatic stay expired before Mr. Clark filed his motion to stay.  *See* Remand Order, ECF No. 19 (dated June 8, 2023); Mot. Stay (dated July 11, 2023).

The Supreme Court offered the observation Mr. Clark points to by way of reviewing the legislative history of the removal statutes.  It first explained that, "[s]ince at least 1949, federal appellate courts have generally lacked the power to review a district court order remanding a case to state court." *BP*, 141 S. Ct. 1536.  But, it went on, "like most rules, this one has accrued exceptions with time." *Id.*  The Court then explained that, in the Civil Rights Act of 1964, Congress created the exception for appellate review in cases removed under section 1443.[5] *Id.* In the wake of that legislation, the Court observed, "before a civil rights case is returned to state court, a federal court of appeals usually *can* intervene to test the soundness of the district court's remand order." *Id.* (emphasis in original).  Likewise, the Court noted the 2011 addition of "a similar exception for suits against federal officers or agencies removed pursuant to [section 1442]," noting that "[h]ere, too, Congress has deemed it appropriate to allow appellate review before a district court may remand a case to a state court." *Id.*  Mr. Clark's favored language about when it is "appropriate to allow appellate review" thus simply describes another circumstance in which the "court of appeals *can* intervene to test the soundness of the district court's remand order." *Id.*  To whatever extent this implies the possibility that a district court or court of appeal may exercise its discretion to stay an appealable remand order pending appeal, it does not imply that a stay is automatically required.[6]

---

[5] Section 1443 provides for removal of state civil actions or criminal prosecutions "[a]gainst any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof," § 1443(1), or for "any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law," § 1443(2).

[6] Mr. Clark points to other language from *BP* that he sees as providing further evidence of the automatic stay rule he reads into the decision.  *See* Mot. Stay at 9–12.  Specifically, he points to the Supreme Court's observation that, by permitting appeals of remand orders in cases removed pursuant to section 1442 or 1443, Congress "accepted the delay [appellate review] can entail."  Mot. Stay at 10 (quoting *BP*, 141 S. Ct. at 1542).  It barely needs saying that the mere

Second, and reinforcing the above interpretation of *BP*, the section of the removal

statutes governing the procedure after removal is in tension with Mr. Clark's position.  That

section provides that, "[i]f at any time before final judgment it appears that the district court

lacks subject matter jurisdiction, the case shall be remanded."  § 1447(c).  In that circumstance,

"[a] certified copy of the order of remand shall be mailed by the clerk to the clerk of the State

court," which "may thereupon proceed with such case."  *Id.*  Far from mandating automatic

stays, Congress apparently did not even contemplate that district courts would stay remand

orders pending resolution of their appeal.  Similarly, to the extent that a bar disciplinary

proceeding could be considered a criminal prosecution, Congress explicitly permitted state

criminal proceedings to continue even after removal.  *See* 28 U.S.C. § 1455(b)(3) ("The filing of

a notice of removal of a criminal prosecution shall not prevent the State court in which such

prosecution is pending from proceeding further, except that a judgment of conviction shall not be

entered unless the prosecution is first remanded.").[7]  This may in part reflect the reality,

recognized in *BP*, that "[a]t some level, of course, removal practices implicate questions of

comity between federal and state authorities."  *BP*, 141 S Ct. at 1540.  Moreover, application of

the traditional standards governing discretionary stays also arguably better protects against

"gamesmanship" from defendants who "frivolously add § 1442 or § 1443 to their other grounds

---

recognition of the possibility of delay on appeal does not establish a rule automatically staying
appealable remand orders.  Nor is one established by another, related passage that Mr. Clark
points to, in which the Supreme Court simply acknowledged the possibility that permitting a
court of appeals to review all grounds for removal as long as one of them is found in section
1442 or 1443 may "allow[] the court to address [an] easier question and avoid harder ones" and
thereby "facilitate a prompter resolution of the proceeding for all involved."  *Id.* (quoting *BP*,
141 S. Ct. at 1542).

[7] As noted above, the Court found that the Board's disciplinary proceeding was not a
criminal prosecution, but recognized the possibility that a bar disciplinary proceeding could be
constructed so as to effectively be a "criminal prosecution by another name."  *Clark*, 2023 WL
3884119, at *9.

for removal, all with an eye to ensuring appellate review down the line if the case is remanded." *Id.* at 1542; *see Hilton v. Braunskill*, 481 U.S. 770, 776 (1987) (listing the "factors regulating the issuance of stays," including whether "the stay applicant has made a strong showing that he is likely to succeed on the merits").[8]

Against this backdrop, the Court declines to divine from dicta in a case focused on a different issue a new rule requiring district courts to automatically stay appealable remand orders pending resolution of their appeal. *BP* was not addressed to that issue, and the Court will not interpret it to mean what it did not say, especially when doing so would create tension with the relevant statutory framework.

## B.  Discretionary Stay

In the alternative, Mr. Clark argues that a stay is warranted under the "the traditional four-factor test for obtaining a discretionary stay pending appeal" laid out in *Nken v. Holder*, 556 U.S. 418 (2009).[9]  Mot. Stay at 5.  But while the parties' submissions proceed directly to the merits, the Court must first fulfill its "independent duty" to confirm its jurisdiction.  *Attias v. Carefirst, Inc.*, 865 F.3d 620, 623 (D.C. Cir. 2017).

Following the Court's remand order issued on June 8, 2023, *see* Order, June 8, 2023, ECF No. 19, Mr. Clark filed a notice of appeal on June 11, 2023, *see* Notice of Appeal.  It was not until a month later, on July 11, 2023 that Mr. Clark moved to stay the remand order.  *See* Mot. Stay.  "The filing of a notice of appeal is an event of jurisdictional significance—it confers

---

[8] ODC points out that courts regularly evaluate motions to stay remand orders under the traditional factors.  *See* ODC's Opp'n to Mot. Stay, ECF No. 26 (listing cases, including *District of Columbia v. Exxon Mobil Corp.*, No. 22-7163, 2023 WL 1480039, at *1 (D.C Cir. Jan. 30, 2023) (per curiam)).

[9] These are the same factors laid out in *Hilton*, 481 U.S. at 776, referenced above.  *See Nken*, 556 U.S. at 426 (quoting the four factors from *Hilton*).

jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982).[10]  This "longstanding tenet of American procedure," *Coinbase, Inc. v. Bielski*, 143 S Ct. 1919 (2023), reflects the principle that "a federal district court and a federal court of appeals should not attempt to assert jurisdiction over a case simultaneously," *Griggs*, 459 U.S. at 58.  *See United States v. DeFries*, 129 F.3d 1293, 1303 (D.C. Cir. 1997) ("The mandate rule prevents the waste of judicial resources that might result if a district court, prior to the issuance of the appeals court's mandate, proceeds with a case, ruling on motions and hearing evidence, after which the appeals court reverses its original decision on rehearing.").

When the question on appeal is the correct forum for the proceeding, "the entire case is essentially 'involved in the appeal.'"  *Coinbase,* 143 S Ct. 1919 (2023) (quoting *Griggs*, 459 U.S. at 58) (holding that the district court may not proceed while an interlocutory appeal proceeds on the question of "whether the case belongs in arbitration or instead in the district

---

[10] Court have recognized a limited set of exceptions to this rule, none of which are applicable here.  *See United States v. DeFries*, 129 F.3d 1293, 1302–03 (D.C. Cir. 1997) (identifying cases making exceptions where "the defendant frivolously appeals" or "takes an interlocutory appeal from a non-appealable order" (citations omitted)); *In re Mosley*, 494 F.3d 1320, 1328 (11th Cir. 2007) (exception where "the lower court acts in aid of appellate review" by issuing a "supplemental order" that explains "its findings with complete citations to the governing cases"); *In re Silberkraus*, 336 F.3d 864, 869 (9th Cir. 2003) (same where the district court reduced its oral ruling to writing after the notice of appeal was filed).  Federal Rule of Civil Procedure 62(d) also permits a court to stay or modify an injunction "[w]hile an appeal is pending," *see Wash. Metro. Area Transit Comm'n v. Reliable Limousine Serv., LLC*, 985 F. Supp. 2d 23, 29 (D.D.C. 2013) (explaining that this rule "codifies [the] inherent power of a court to preserve the status quo where, in its sound discretion, the court deems the circumstances so justify" (quoting *Christian Sci. Reading Room Jointly Maintained v. City & Cnty. of San Francisco*, 784 F.2d 1010, 1017 (9th Cir. 1986))), but no such injunction is at issue here.  Nor is a money judgment for which "a party may obtain a stay by providing a bond or other security" under Rule 62(b).  *See Rivera Perez v. Mass. Gen. Hosp.*, 193 F.R.D. 43, 45 & n.2 (D.P.R. 2000) (explaining, in evaluating a motion to stay submitted one day after a remand order issued, that the predecessor to Rule 62(b) "plainly does not fit a situation where the order sought to be stayed is a remand").

court"); *accord Shy v. Navistar Int'l Corp.*, No. 3:92-cv-333, 2014 WL 1818907, at *4 (S.D.

Ohio May 7, 2014) (finding that while district courts may consider "remedial matters unrelated

to the merits of the appeal," because "[t]he matter on appeal directly relates to whether this Court

or an arbitrator will ultimately determine the merits" of the claims, "[n]o unrelated remedial

matters are currently pending before the Court").  This is the case here, as the sole question on

appeal of the Court's remand order is whether the Board's disciplinary proceeding and related

subpoena enforcement action should proceed before the Board or this Court.  In addition, Mr.

Clark stated his intention to move in parallel, within three days after filing the present motion,

for a stay in the D.C. Circuit pursuant to Federal Rule of Appellate Procedure 8(a)(2), *see* Mot.

Stay at 26, a motion that will be governed by the same standards he asks the Court to apply here,

*see Hilton*, 481 U.S. at 776.[11]  Accordingly, the Court finds that it lacks jurisdiction to grant Mr.

Clark's motion for a discretionary stay.[12]  *See Princz v. Fed. Republic of Germany*, 998 F.2d 1

(D.C. Cir. 1993) (denying as unnecessary appellant's emergency motion to stay proceedings in

the district court, explaining that "[b]ecause an appeal properly pursued from the district court's

order divests the district court of control over those aspects of the case on appeal . . . exclusive

jurisdiction to resolve the threshold issue this case presents vests in this court"); *Buljic v. Tyson*

*Foods, Inc.*, No. 20-cv-2055, 2021 WL 7185065, at *2 (N.D. Iowa Jan. 28, 2021) (explaining, in

the context of a motion to stay an already-appealed remand order in a case removed pursuant to

---

[11] Perhaps reflecting an understanding of the jurisdictional significance of his pending
appeal, Mr. Clark seems to indicate a preference, or at least an expectation, that the D.C. Circuit
adjudicate his motion to stay. *See* Mot. Stay at 26 (stating, with respect to Mr. Clark's motion
filed on July 11, 2023, that he "will deem inaction on this stay motion to be a denial unless it
occurs before 5 p.m. EDT on July 13, 2023").

[12] For the same reasons, the Court also lacks jurisdiction to grant Mr. Clark's more
recently filed motion to stay.  *See* Mot. Stay on Grounds Newly Arising on Aug. 14, 2023, Case
No. 22-mc-0096, ECF No. 32; Case No. 22-mc-0117, ECF No. 21; Case No. 23-mc-0007, ECF
No. 15.

section 1442, that "whether to grant a stay of the remand order that is already on appeal before the Eighth Circuit is not a collateral or tangential issue over which the court has jurisdiction"); *cf. SEC v. Shanahan*, No. 4:06-mc-546, 2007 WL 1084205, at *2 (E.D. Mo. Apr. 11, 2007) (finding that the pending appeal of a motion in a related civil case divested the court of jurisdiction to consider a motion to stay subpoenas issued in an SEC investigation, as the issue presented in the subpoena enforcement action "is not collateral to the question presented by the appeal itself . . . but instead is closely related").

### C. Temporary Stay

Finally, Mr. Clark requests a temporary stay pending compliance with his view of the requirements of section 1447(c). *See* Mot. Stay at 13. As noted above, section 1447(c) provides that, where a district court orders a case remanded, "[a] certified copy of the order of remand shall be mailed by the clerk to the clerk of the State court," and the "State court may thereupon proceed with such case." Mr. Clark argues that "the plain text of this statute makes clear that remand orders are not immediately effective" because "the U.S. District Court Clerk must mail a certified copy of the remand order to the Hearing Committee (presumably via the Board of Professional Responsibility or the District of Columbia Court of Appeals ('DCCA')." Mot. Stay at 14. Mr. Clark previously pressed this argument by motion to the Hearing Committee of the Board, contending that the Hearing Committee was without jurisdiction to continue the disciplinary proceeding until the mailing took place. *See* Hr'g Comm. Order at 1, ECF No. 28-1. In response, the Hearing Committee agreed to "defer resolution of Mr. Clark's [motion] pending (1) the receipt of a certified copy of the federal district court's remand decision; (2) an official position from the clerk or the court that no certified order will be sent; or (3) other circumstances that allow us to determine that we have jurisdiction to proceed." *Id.* at 12.

ODC principally argues that section 1447(c) does not apply here at all, given the Court's finding that this case is neither a "civil action" nor a "criminal prosecution" under the removal statutes. *See* ODC's Opp'n to Mot. Stay at 5–11. And even if section 1447(c) does apply, both parties note that courts are split over whether Mr. Clark's interpretation of its text is correct. *Compare, e.g.*, *Bryan v. BellSouth Commc'ns, Inc.*, 492 F.3d 231, 235 n.1 (4th Cir. 2007) (explaining that "if the remand is based on the lack of subject-matter jurisdiction or a defect in the removal process," it is effective "when the remand order is entered") *with Agostini v. Piper Aircraft Corp.*, 729 F.3d 350, 355 (3d Cir. 2013) ("[T]he mailing of a certified copy of the remand order to state court is the event that formally transfers jurisdiction from a district court within this Circuit to a state court."); *see* Mot. Stay at 14–15 (discussing the split of authority); ODC's Opp'n to Mot. Stay at 7 n.1 (same).

The Court need not answer these questions here. The Hearing Committee has deferred exercising jurisdiction pending "receipt of a certified copy" of the Court's remand order. Hr'g Comm. Order at 12. Though ODC originally suggested that, given the nature of the Board's disciplinary proceeding, there may not be a clerk's office to receive such a mailing, *see* ODC's Opp'n to Mot. Stay at 9–10, the Hearing Committee clarified that disciplinary proceedings are initiated in the DCCA, which "certainly has a clerk's office," Hr'g Comm. Order at 9. And Mr. Clark acknowledges that the mailing of a certified copy to the Clerk of the DCCA satisfies any requirement under section 1447(c). *See* Mot. Stay at 14. Accordingly, the Court will order the Clerk of the U.S. District Court for the District of Columbia to execute such mailing to the Clerk of the District of Columbia Court of Appeals forthwith. *See Horn & Hardart Co. v. Nat'l Rail Passenger Corp.*, 843 F.2d 546, 548 (D.C. Cir. 1988) (endorsing the principle that the district

court retains jurisdiction to "enforce its decrees and to make such orders as may be necessary to render them effective" even after a notice of appeal is filed (citation omitted)).

## IV.  CONCLUSION

For the foregoing reasons, it is hereby **ORDERED** that Mr. Clark's Motion to Stay (Case No. 22-mc-0096, ECF No. 25; Case No. 22-mc-0117, ECF No. 17; Case No. 23-mc-0007, ECF No. 11) is **DENIED**.

It is **FURTHER ORDERED** that Mr. Clark's later-filed Motion to Stay on Grounds Newly Arising on Aug. 14, 2023 (Case No. 22-mc-0096, ECF No. 32; Case No. 22-mc-0117, ECF No. 21; Case No. 23-mc-0007, ECF No. 15) is **DENIED**.

It is **FURTHER ORDERED** that Mr. Clark's Motion for Supplemental Briefing (Case No. 22-mc-0096, ECF No. 28; Case No. 22-mc-0117, ECF No. 19; Case No. 23-mc-0007, ECF No. 13) is **DENIED** as moot.

It is **FURTHER ORDERED** that the Clerk shall, as soon as practical, mail a certified copy of the Court's remand opinion and order, Case No. 22-mc-0096, ECF Nos. 19, 20, to the Clerk of the D.C. Court of Appeals.

**SO ORDERED.**

Dated:  August 25, 2023                                  RUDOLPH CONTRERAS
                                                        United States District Judge